# William Stewart and others v. George Bailey Ashley.

*Ejectment: Joint plaintiffs: Undivided interests: Severance: Anomalous proceedings: Objector equally at fault.* Where in an action of ejectment brought by two plaintiffs jointly, each claiming an undivided interest, after a trial and judgment in favor of one plaintiff and against the other, the cause had been treated as practically severed into two distinct suits, which were proceeded in separately; though without any order of severance or change of pleadings, one branch being taken by defendants to the supreme court for review and there affirmed, and afterwards a new trial under the statute procured and a trial and verdict had and judgment rendered and satisfied, an objection interposed by the defendants when the other branch was moved by the plaintiff who on the first trial had been defeated, that there was no proper case before the court for trial, is not sustained where both parties have united in treating the action as divided, and are alike responsible for the anomalous character the proceedings have assumed.

*Ejectment: Guardian and ward: Guardian's sale: Limitations: Burden of proof.* In an action of ejectment brought by one who had been under guardianship as a minor to test the validity of a sale by his guardian, the burden of proof upon the question whether the suit was brought within the prescribed time after the majority of the ward for bringing such suit, is upon the plaintiff.

*Burden of proof: Affirmative.* Whenever between parties who are contending in any legal proceeding a particular issue is raised, either by formal pleadings or the regular prosecution of the controversy in matter of fact, he who in substance and effect, whatever the mere form, has the affirmative of that issue, and is in such position that if what is alleged on his side is not maintained his case will consequently fail, must certainly be bound to find evidence to support it, and of course a preponderance, if there be evidence on both sides.

*Burden of proof: Affirmative: Continuance of infancy.* In general the burden of proof lies upon the party who seeks to support his case by a particular fact of which he is supposed to be cognizant; and one of the examples given is, that one who insists upon the continuance of infancy to defeat a new promise proved upon him at a given time, must prove that his nonage was still continuing at that time.

*Heard April 20.    Decided June 6.*

Error to St. Clair Circuit.

*B. C. Farrand, W. T. Mitchell* and *C. R. Brown,* for plaintiffs in error.

*A. E. Chadwick* and *Hoyt Post,* for defendant in error.

GRAVES, J:

This is an action of ejectment, originally commenced by

George Bailey Ashley and Charles A. Bailey as joint plaintiffs, to recover of plaintiffs in error the fee of the entire premises described in the declaration; and in the course of the proceedings, which have been extremely loose, the case from one stage of it seems to have been treated as practically severed into two; one in favor of Ashley and the other in favor of Bailey, and each being prosecuted on the original joint declaration and joint plea thereto, and without any specific order for a division of the action or any change of pleading. The issue of record as first formed appears to have been perpetuated in the files and papers, except as a change be claimed to have been caused or recognized by an alteration in the mode of entitling proceedings and by the force and effect of the first judgment, which was in favor of one of the joint plaintiffs below, and against the other. The first trial was before the court without a jury, and at that stage the two plaintiffs below proceeded jointly and the court found against Ashley, but in favor of Bailey, for an undivided half of the premises claimed jointly and in entirety, and on this finding judgment was entered. As a consequence of this, it seems to have been taken for granted by court and counsel at this time that a complete and radical division of the action on the part of the plaintiffs had occurred, and that thereafter the case was to be considered as *ipso facto* divided into two, without any further entry or order on that subject, and without any amendment of the declaration, so that nothing more was required in pursuing the litigation than to treat Ashley as one distinct plaintiff and Bailey as another, and each prosecuting on the original joint declaration. Hence at this point we find distinct entries commenced: one set being entitled with Bailey as sole plaintiff and the other with Ashley as sole plaintiff, and the first is an order by consent entitled as in case of an action by Bailey alone, and which purports to set aside "the judgment rendered in this cause" and to allow the defendants a new trial, and also to give leave to defendants to file a claim for enhanced value for improvements, and "the plaintiff" to have an assess-

ment, of the value of the premises without improvements. Next following this entry is a verdict entitled in the same way, in which the jury find for "the plaintiff an undivided one-half of the premises and assess the improvements at two thousand two hundred and fifty dollars, and the value of "the premises" as they would have been without the improvements and without waste, at the same sum, viz.: two thousand two hundred and fifty dollars.

The Bailey branch of the case here runs out. The record shows nothing further as to him. No judgment appears to have been entered on this verdict, and no claims for estimates appear.

The only evidence in the record in regard to them is contained in the recitals noticed.

The departure in the record of the Ashley branch from the stem is marked by an order which is entitled "George Bailey Ashley v. William Stewart, Peter B. Sanborn and Ezra C. Carleton," and then proceeded as follows: "In this cause, on motion of A. E. Chadwick of counsel for plaintiff, after hearing William T. Mitchell, Esq., in behalf of defendants, ordered by the court now here that the plaintiff be granted a new trial on the payment of costs." This is followed by an order having the same title, and which, after reciting that "the plaintiff" had paid the costs, ended by ordering "that a new trial be granted to him, according to the statute in such case made and provided." The succeeding entries are entitled in the same way, and the first is the empaneling a jury "in this cause," and is followed by a verdict in favor of Ashley for an undivided half of the premises and a finding embodied in it that the value of the premises had been increased by improvements made by Stewart two thousand eight hundred dollars, and that the premises without such improvements, and if no waste had been committed, would have been worth two thousand two hundred dollars. The verdict also recites that Stewart filed a claim in writing for compensation for improvements, and that Ashley filed a request in writing for an esti-

mate of the value the premises would have borne in case
there had been no improvements or waste committed.    The
record affords no other evidence of the filing of these requests
for estimates and valuation.    The next entry is the judg-
ment on the verdict, which is entitled with Ashley as sole
plaintiff, and it recites that "the plaintiff" had filed in
writing his election to abandon the premises to the defend-
ants at the sum estimated by the jury and to take judgment
for such value, and recovery is thereupon awarded of that
sum.    This recital is the only evidence of an election to
take such judgment.    It is not worth while to comment at
length on the amazing character of this practice.    Surely
the titles to real property and the rights of parties are too
important to be put in peril by such gross inattention to legal
formalities and the common requirements of ordinary judicial
methods.    It may be that no vital mischief has been caused
in this particular litigation by the very objectionable loose-
ness and carelessness which seem to have marked the con-
duct of it.    But if so, the escape is accidental and confers
upon those who may be responsible no immunity from crit-
icism.    So far as practicable there should be amendments
to bring the record into some shape which may enable inter-
ested parties in the future to find out from it and without
needless difficulty its legal bearing and force in relation to
the title to the premises in controversy.

At the trial of this Ashley branch of the original action
before the jury the defendants below took several objections,
and a bill of exceptions was settled which is brought up by
the writ of error.    After the jurors were sworn the plain-
tiffs in error insisted that there was no proper case before
the court for trial, inasmuch as there had been no order for
any separate prosecution by Ashley and no amendment of
pleading to present a distinct case of Ashley against the
plaintiffs in error.    The point was overruled and an excep-
tion was taken.

Conceding, but not deciding, that the point was one
proper to be raised by an objection and an exception in

this way, the plaintiffs in error were perhaps hardly in a situation to take it.   In the order by consent, and which was the first one made after the finding by the court and judgment in favor of Bailey and against Ashley, both parties united in treating the action as divided, and from that time until the swearing of this jury they respectively proceeded, as would seem from the light furnished by the record, upon the theory that the action had come in fact and in law to be severed into two, with one declaration and one plea, and those the pleadings originally made.   No other construction can be put upon their practice, and whatever informality and impropriety were involved in it, both seem to have been in some measure responsible for it.   The Ashley branch now intended to be brought before us seems to have been tried upon the merits and upon an idea that the parties named therein were at issue upon a proper declaration and plea, and that there were also before the court the necessary claim and counter claim for valuations, and in view of all the circumstances, and considering that the case must go back upon another ground, we do not perceive any necessity for passing definitely upon the question thus caused to spring out of the unusual predicaments described.   But before leaving this review of the record we may mention the difficulty there must have been as the litigation was shaped in setting before the court and jury a true representation of the precise legal claims on each side in the form of an issue roll, if indeed any attempt was made to comply with the useful rule on that subject.

The plaintiffs in error claimed title through a conveyance upon a sale made by the guardian of defendant in error, and the action by the defendant in error was prosecuted to overthrow the title asserted under that conveyance. It was commenced on the first day of January, 1873, as stated in the charge of the court, and in view of our statute regulating the time within which such an action must be brought, § *4621 C. L.*, it became a material, if not a controlling, question for the jury on the evidence whether it

was brought within the prescribed period, namely: five years next after Ashley attained the age of twenty-one years, and this depended upon the true time of his birth. He claimed that he was born in September, 1847, and if this were so then the suit was begun in season. The plaintiffs in error claimed, however, that the date of his birth was in 1846, and hence that the action was not maintainable on account of the lapse of more than five years between its institution and his attaining majority. There was considerable evidence bearing on the question, but it was conflicting. Some of it favored one claim and some of it the other. The circuit judge refused to charge that Ashley was bound to show by a preponderance of evidence that his action was brought within the allotted period. On the contrary he instructed the jury that it was for the defense to make out to their satisfaction that more than five years had run between Ashley's majority and the commencement of the action; or, in other words, that his suit was not brought seasonably, and the judge added that all mere presumptions were in his favor.

We think in this the court erred. In bringing and pursuing this action Ashley simply assailed and brought into question the validity of the sale and title made by his guardian, and his right to contest in such form his guardian's conveyance, being governed by the statute, depended upon his having begun his action within the time allotted therefor by the statute. The seasonableness of his commencement of suit was an essential condition of his right to claim recovery of the land against his guardian's sale. It was part of his own case and not separate and independent matter of defense. Whenever between parties who are contending in any legal proceeding a particular issue is raised, either by formal pleadings or the regular prosecution of the controversy in matter of fact, he who in substance and effect, whatever the mere form, has the affirmative of that issue and is in such position that if what is alleged on his side is not maintained his case will consequently fail, must certainly

be bound to find evidence to support it, and of course a preponderance if there be evidence on both sides.

His mere claim of the existence of a disputable fact cannot stand in place of evidence of it and operate as proof. And if the evidence adduced in its favor is not sufficient to outweigh the contrary evidence the fact must stand as unproved and he whose case depends on it must fail. This general rule, that the party must find proof of every essential fact alleged by him, is often strengthened and emphasized by convenience and policy. He who alleges a specific fact may generally be presumed to know more about it and to have better means of proof than he who denies it; and usually it is far easier for the first to prove what he affirms than for the other to prove his denial. Consequently it has been laid down pretty strongly that in general "the burden of proof lies upon the party who seeks to support his case by a particular fact of which he is supposed to be cognizant," and one of the examples is, that one who insists upon the continuance of his state of infancy to defeat a new promise proved upon him at a given time, must prove that his nonage was still continuing at that time.—*Borthwick v. Carruthers, 1 T. R., 648.* A brief explanation of the present case according to its natural unfolding down to the beginning of the actual conflict would seem to render the point quite clear. Ashley in the first place shows title in his ancestor, the death of the latter, the heirship and the circumstance of adverse holding by plaintiffs in error. The latter thereupon show the title through Ashley's guardian; and if the case stops here, Ashley must be defeated, because the title from his guardian must prevail against him in the absence of proof of the existence of the condition which is indispensable to his right to attach that title.

The essential contest, then, begins here. He is compelled to virtually allege and prove the existence of the prescribed condition; or, in other words, the fact of infancy and its duration, and certainly it is incumbent on him to maintain this claim by a preponderance of evidence, and not upon the plaintiffs in error to establish the negative proposition,

namely: that his infancy did not so continue. In case the evidence is balanced on this final issue, Ashley's claim against his guardian's sale is not sustained. It is not made apparent that he is in a position to question it.

We also think the observation of the judge in the same connection that all mere presumptions were in Ashley's favor was too wide and general, but we have not sufficient particulars before us to judge of the entire extent to which it is likely the jury applied it.

There are some other questions, but as it is rather probable than otherwise that they will not arise on another trial, or at least that they will not so arise as to be subject to the same considerations, it is not expedient to discuss them.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.