# JANUARY TERM, 1912.[*]

## SWIFT & CO. *v.* McMULLEN.

1. SALES—WARRANTY OF QUALITY—SAMPLE, SALE BY—EVIDENCE OF CUSTOM.

    It was error to permit plaintiff, who claimed that certain poultry did not conform to sample, to ask of a witness: "State, from your experience and the custom, how you bought those goods."

2. SAME—TRIAL—INSPECTION.

    Evidence that plaintiff's agents had full opportunity to inspect, was admissible in support of the vendor's claim that plaintiff bought after a complete inspection.

3. SAME.

    While the question of an implied warranty might properly have been submitted, it was error to submit to the jury plaintiff's claim, unsupported by the evidence, that defendant warranted the subject-matter of the contract to be of the same quality as a portion of the goods offered for inspection.

Error to Wayne; Murphy, J. Submitted January 9, 1912. (Docket No. 16.) Decided March 12, 1912.

Assumpsit in justice's court by Swift & Company against Harry B. McMullen for damages for breach of warranty of the quality of certain merchandise. From a judgment for plaintiff, defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed.

*John E. Moloney* (*Frank W. Atkinson*, of counsel), for appellant.

*George B. Greening*, for appellee.

[*] Continued from Vol. 168.

Stone, J. This is an action of assumpsit, in which the plaintiff seeks to recover damages from the defendant, because of the claimed worthless condition of a quantity of chickens and fowls purchased by the plaintiff from the defendant in March, 1909. The case was finally submitted to the jury by the trial court upon the claim of the plaintiff that there was an express warranty of the defendant that the bulk of the entire purchase conformed in quality to certain parts of the goods which had been inspected by the plaintiff's agents.

Upon the trial, on the direct examination of Daniel Brill, one of plaintiff's witnesses, the following occurred:

"*Q.* State, from your experience and the custom, how you bought those goods."

This was objected to by defendant's counsel. The objection was overruled, and the witness was permitted to answer the question, to which defendant's counsel excepted. It was the claim of the defendant that there was no express warranty, but that the sale was made at a bulk price, subject to the inspection and risk of the inspection of the plaintiff.

Upon the direct examination of the defendant he was asked the following question:

"*Q.* Was there anything to hinder or to prevent these parties from making any further or additional inspection, if they wanted to?"

This question was objected to by plaintiff's counsel, as being incompetent and immaterial. The objection was sustained, and defendant's counsel excepted.

The court charged the jury, submitting the question whether or not there was an express warranty of the quality of the goods, and, among other things, said:

"In the case at bar, it is the claim of the plaintiff that defendant, as one of the conditions of the sale, one of the inducing causes of sale, stated as a fact that the bulk of the entire purchase conformed in quality to certain parts of the goods which had been inspected by the plaintiff's agent.

"If you find that to be established by the proof, gentlemen of the jury, any such statement of fact, inducing the sale, and relied upon by the buyer, would amount to an express warranty. If there was an express warranty given by the seller to the buyer, there then devolved no duty of inspecting the goods by the purchaser."

The jury returned a verdict for the plaintiff, and a judgment accordingly was entered.

The defendant has brought the case here, and among other errors assigned are the following:

(1) That the court erred in overruling defendant's objection to the above question propounded to the witness Daniel Brill.

(6) That the court erred in sustaining the plaintiff's objection to the above question propounded to the defendant.

(16) That the court erred in charging the jury as above set forth.

If there was an express warranty, it is difficult to understand the materiality of the question to the witness Brill, relating to the custom and experience of the witness.

The theory of the defendant was that the plaintiff purchased on the inspection of its agents, and we think that it was material for the defendant to show that the plaintiff's agents had full opportunity to inspect the goods.

However, the most important question in the case is whether there was any evidence in the case of an express warranty. After a careful reading of the record, we are unable to find any evidence of an express warranty that justified the court in submitting that question to the jury. Counsel for plaintiff has not pointed out, or called our attention to, any such evidence. This is not a case where the verdict is contrary to the weight of the evidence simply, but a case where there was no evidence to submit to the jury upon the subject of an express warranty. Nowhere was there any evidence of an express warranty. It would have been a fair question whether there was an implied warranty, or whether the plaintiff bought relying upon its inspection, and the defendant might have been held precluded upon the subject of inspection by the an-

swer to the special question submitted to the jury, by him. But neither of those questions was submitted.

The sole question submitted to the jury was that of an express warranty. It is familiar doctrine that "Juries must decide upon evidence; they cannot guess at facts in default of evidence." *County of Marquette* v. *Ward*, 50 Mich. 174 (15 N. W. 70).

For this error, we are constrained to reverse the judgment of the court below, and grant a new trial.

Moore, C. J., and Steere, McAlvay, Brooke, Blair, and Ostrander, JJ., concurred. Bird, J., did not sit.