COLLAR *v.* MAYCROFT.

1. PLEADING—ADMISSIONS—AUTOMOBILES.

Where declaration in action under survival act arising from automobile collision alleged that defendant driver negligently ran into car in which plaintiff's decedent was riding at an intersection of highways and defendants' answer in denial thereof affirmatively asserted collision was caused solely by negligence of plaintiff's decedent's driver in failing to observe defendants' car approaching from right, to stop or slacken speed and to yield right of way to defendants' car, admission resulting therefrom was merely that there was a collision between the two cars at the intersection (Comp. Laws 1929, §§ 4712, 14040).

2. NEGLIGENCE—IMPUTED NEGLIGENCE—INFANTS.

   Alleged negligence of driver of automobile may not be imputed to plaintiff's decedent, a 13-year old boy.

3. EVIDENCE—PRESUMPTIONS—WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—PROXIMATE CAUSE.

   Judgment in action under survival act for plaintiff, administrator of estate of deceased 13-year old boy who was fatally injured in automobile accident, *held,* error, where based upon assumption that collision occurred as result of negligence of someone and, since no eyewitnesses testified, presumption that decedent's driver, also fatally injured, was exercising due care, hence defendant driver must have been guilty of negligence; because presumption cannot be indulged in absence of showing that subject-matter of testimony which could be presented by defendant driver who was the sole surviving eyewitness was incompetent as equally within knowledge of deceased, where he was present at trial but not called to testify by plaintiff, thus leaving matter of proximate cause one of pure speculation (Comp. Laws 1929, §§ 4712, 14040).

4. SAME—PRESUMPTIONS—EYEWITNESSES.

   Presence of eyewitness at automobile accident in which plaintiff's decedent minor was fatally injured renders issue of due care of his driver, also fatally injured, a matter of proof, not a presumption, even if eyewitness is an adverse party, where he is available.

5. DEATH—BURDEN OF PROOF—SURVIVAL ACT.

   Burden of establishing right to recover is upon plaintiff suing under survival act for fatal injuries to his decedent (3 Comp. Laws 1929, § 14040).

6. NEGLIGENCE—RES IPSA LOQUITUR.

   The doctrine of *res ipsa loquitur* does not prevail in Michigan.

7. DEATH—PRESUMPTIONS—CONTRIBUTORY NEGLIGENCE—NEGLIGENCE.

   In action under survival act by plaintiff administrator of estate of deceased minor in which no eyewitness testified, the extent of presumption of due care in favor of plaintiff, if indulged, is merely that his decedent's driver was free from contributory negligence proximately causing the collision, not that defendant driver was negligent, since negligence cannot be presumed but must be alleged and affirmatively shown (3 Comp. Laws 1929, § 14040).

8. NEGLIGENCE—EVIDENCE.

The mere fact that an injury occurred is no evidence of fault on the part of a defendant.

9. APPEAL AND ERROR—ADEQUACY OF DAMAGES—QUESTIONS REVIEWABLE.

Matter of adequacy of damages in action under survival act is not considered where judgment for plaintiff is reversed and judgment ordered entered for defendant (3 Comp. Laws 1929, § 14040).

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 11, 1935. (Docket No. 71, Calendar No. 38,565.) Decided January 7, 1936.

Case by James A. Collar, administrator of the estate of Allen Collar, deceased, against Orlo Maycroft and another for personal injuries sustained in a collision between automobiles at an intersection causing death of plaintiff's decedent. Judgment for plaintiff. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*John R. Dethmers* and *Elbern Parsons,* for plaintiff.

*Rodgers & Dunn,* for defendants.

NORTH, C. J. This suit arising out of an automobile accident is brought under the survival act (3 Comp. Laws 1929, § 14040) for the recovery of damages incident to the death of Allen Collar, a 13-year old boy. On trial before the court without a jury plaintiff had judgment from which defendants have appealed.

On the day of the accident Allen Collar was riding in a Dodge automobile driven by his brother, Charles Collar, in a westerly direction along a public highway in Ottawa county. At an intersec-

tion with a north and south highway a collision occurred between the Dodge automobile and an Essex car proceeding in a southerly direction and driven by defendant Orlo Maycroft. This latter automobile was owned by defendant Flora Laubengayer Maycroft. The accident resulted in injuries to each of the Collar brothers and each died within a few hours thereafter. Defendant Orlo Maycroft was the only surviving eyewitness. He did not testify at the trial of the case. The record is unusual in that it contains no testimony disclosing the exact manner in which or the exact place at which the collision occurred. The serious question presented is whether or not the record sustains the finding of the trial judge that defendant Orlo Maycroft was guilty of negligence which was the proximate cause of this accident.

In substance it is alleged in plaintiff's declaration that defendant Orlo Maycroft negligently ran into and against the automobile in which plaintiff's decedent was riding at the intersection of these highways. Defendants' answer denies this portion of the declaration but in that connection affirmatively asserts:

"That the collision between said Essex and Dodge automobiles was caused solely by the negligence of the driver of said Dodge automobile in failing to properly and seasonably observe the approach of the Essex automobile coming from his right, in failing to stop or slacken speed so as to avoid a collision with said Essex automobile and in failing to yield the right of way to said Essex automobile."

So far as being an admission in pleading tending to sustain plaintiff's cause of action, the foregoing only admits that there was a collision between the two automobiles at the intersection of these high-

ways. A witness who arrived about 20 or 30 minutes after the accident testified that the Dodge automobile was found headed in a westerly direction about 40 or 50 feet west of the north and south highway and about the same distance south of the east and west highway. It does not appear what course it pursued in reaching this point. There is no testimony as to the portion of the intersection of these highways (if it was within the intersection) in which the collision occurred, what course the Essex car pursued after the accident, or what portions of the respective cars were injured by the collision. Nor is there an iota of testimony on the all-important question as to which of these cars, if either, seemed to have the right of way by reason of approaching the point of intersection in advance of the other. It is not even shown at what rate of speed either of these automobiles approached the intersection or at what rate either was going immediately preceding the collision.

A witness sworn for plaintiff testified that at his request defendant Orlo Maycroft, several months after the accident, accompanied the witness to the scene of the accident. From the testimony of this witness it appears that the view of the operators of these machines approaching this intersection was partially obstructed; but at a point between 65 and 70 paces north of the intersection there is a view across to the east and west road; and that as one approaches the intersection from this point ''as you go down the hill there is a space of about 30 paces that you can't see the car (on the east and west highway), but then as you look across you can see it again from there to the corner.'' The witness testified that defendant Orlo Maycroft admitted to him that from the point 65 or 70 paces north of the intersection he saw the car in which plaintiff's de-

cedent was riding approaching from the east, and when asked where he next saw it, he replied: "I didn't see them until it was too late, and the collision." It does not appear how far east of the intersection the Dodge car was when observed by Maycroft, nor is there any testimony as to the rate of speed at which either of these automobiles was then approaching the intersection.

It is appellee's contention that the record contains testimony which establishes negligence on the part of Orlo Maycroft since it appears he observed the Collar automobile approaching the intersection from the east at the same time Maycroft was approaching from the north, but that he did not make any further observation "until it was too late, and the collision," notwithstanding there was an opportunity to make an observation after he passed beyond the point where his view was obstructed. Since plaintiff's decedent was a minor, negligence of the driver of the automobile in which he was riding, if any, cannot be imputed to plaintiff's decedent. It is further asserted by appellee that since no eyewitness of the accident testified in the case, and there being no other testimony to the contrary, the presumption prevails in behalf of plaintiff that Charles Collar as the driver of the Dodge car was free from negligence which caused the accident. The trial judge in deciding the case in favor of plaintiff said:

"The situation of the plaintiff car, after the accident, the admissions of defendant driver, and the situation at the intersection, plainly indicates that someone was negligent at this corner. * * * The fact that defendant could see and did see the boys approaching; coupled with the fact that the defendant offers no explanation when he could do so as well as not without invading the rule against tes-

timony equally within the knowledge of deceased,* indicates that defendant was negligent, and that his negligence was the real cause of the accident.''

In the latter portion of the statement above quoted the trial judge is referring to the fact that the defendants offered no testimony, nor was the defendant driver called by plaintiff as an adverse witness.

Both plaintiff and the trial judge, in eliminating the possibility or probability of the accident having been caused by the negligence of the driver of the automobile in which plaintiff's decedent was riding rely wholly upon a claimed presumption of law that since no eyewitness of the accident testified it is presumed that the driver of the Collar automobile, whose death resulted from the accident, was free from negligence. Both appellee and the trial court were in error in relying upon the presumption and judgment against these defendants based on such presumption cannot be sustained. Defendant Orlo Maycroft was an eyewitness; and the record discloses he was present at the trial of the cause and available to plaintiff as a witness. Hence there was an eyewitness of the accident who, in the absence of a showing that the subject-matter of his testimony was equally within the knowledge of deceased, was competent to testify as to all facts and circumstances bearing upon the question of the negligence of the driver of the Dodge car. A recent decision of this court is squarely in point.

''Don King, who was an eyewitness, was made a defendant and the friend he was carrying in his automobile was also an eyewitness, so the presumption could not be entertained. * * * Where there is an eyewitness to an accident the issue of due care

---

* See 3 Comp. Laws 1929, § 14219.—Reporter.

rests upon proof and not upon presumption. This is so even if the eyewitness. is the adverse party.'' *Foote* v. *Huelster,* 272 Mich. 194.

In the *Foote Case* the question of plaintiff's right to rely upon the presumption was raised by defendant's motion for a directed verdict at the conclusion of plaintiff's proofs. At that time neither King nor his companion had been called as a witness but, as in the instant case, at least one of these eyewitnesses was available to plaintiff. Therefore the presumption ceased and plaintiff, upon whom the burden of proof rested, was required to give the court burdened with decision the benefit of the available testimony of the eyewitness. The cited case holds that under such a set of facts ''the issue of due care rests upon proof and not upon presumption;'' and that such is the rule of law notwithstanding the eyewitness is an adverse party.

If, as must be done in the instant case, it is held that a presumption of the exercise of reasonable care on the part of the driver of the Dodge automobile does not exist because there was an eyewitness to the accident, then the record does not contain any testimony from which it can be determined, except by pure speculation, whether this unfortunate accident was caused by the negligence of the driver of the Dodge car, the negligence of the driver of the Essex car or the combined negligence of the two drivers. The cause may have been, as appellee contends, the negligence of defendant Maycroft, in failing to properly observe the automobile which he knew was approaching the intersection from the east. On the other hand the sole proximate cause of the accident may have been the failure of the driver of the Dodge car to yield the right of way to the other automobile, as the two simultaneously approached the intersection. 1 Comp. Laws 1929,

§ 4712. Or the collision may have resulted from the combined negligence of the two drivers. In other words, the testimony in this case does not disclose what in truth was the proximate cause of the collision. If the sole proximate cause was the negligence of the driver of the Dodge car, plaintiff is not entitled to recover. On such a record it cannot be held that the finding and judgment of the trial court is sustained by the testimony.

The burden of establishing his right to recover was upon plaintiff. *Benedict* v. *Rinna,* 257 Mich. 349. Negligence will not be presumed. *Kerr* v. *City of Detroit,* 255 Mich. 446. The doctrine of *res ipsa loquitur* does not prevail in this State. *Eaton* v. *Consumers Power Co.,* 256 Mich. 549. The extent of the presumption in favor of plaintiff was that his decedent's driver was free from contributory negligence.

"Negligence cannot be presumed. It must be alleged, and affirmatively shown. A presumption of negligence cannot be raised without foundation, and the mere fact that an injury occurred is no evidence of fault on the part of the defendant." *Perry* v. *Railroad Co.,* 108 Mich. 130.

"In effect, the plaintiff relies simply upon the happening of the accident to sustain her claim of negligence on the part of the defendant. That the mere fact of an accident occurring is no evidence of negligence is well established in this State. We have very recently considered this phase of the law in *Elsey* v. *J. L. Hudson Co.,* 189 Mich. 135 (L. R. A. 1916 B, 1284), and numerous decisions are there cited." *Fuller* v. *Wurzburg Dry Goods Co.,* 192 Mich. 447.

Plaintiff failed to carry the burden of proof and he is not entitled to recover. Judgment entered in

the circuit court is reversed and the case remanded for entry of judgment in favor of defendants. This disposition of the case renders it unnecessary to consider plaintiff's cross-appeal wherein he claims the damages adjudged were inadequate. Costs to appellants.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.