HOLGATE *v.* CHRYSLER CORP.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.

On appeal from directed verdict for defendants, testimony is to be considered most strongly in favor of the plaintiff and if, from consideration of that testimony and reasonable inferences and deductions therefrom, a question of fact was presented for the consideration of the jury, judgment should be reversed; and if not, should be affirmed.

2. NEGLIGENCE—COMMERCIAL PHOTOGRAPHER—WASHING MACHINE MANUFACTURER—ADVERTISING—PREMISES OF THIRD PARTY.

> In action by commercial photographer, who was hired by defendant manufacturer of washing machines for washing automobile parts to go into factory of defendant automobile manufacturer and take pictures of a machine owned and operated by latter, such pictures to be used in advertising by washing machine manufacturer, record showing injury to plaintiff while taking such picture *held*, to disclose no duty to respond in damages in the absence of negligence on the part of either defendant either in construction or operation of the washing machine, where plaintiff was not directed as to how he was to take pictures, where he was to stand or what appliances he was to use and cleaning fluid used was one commonly in use in such machines in same city and elsewhere.

3. MASTER AND SERVANT—INDEPENDENT CONTRACTORS—COMMERCIAL PHOTOGRAPHER—FINDING OF COURT—EVIDENCE.

> In action by commercial photographer who was injured while taking picture for automobile parts washing machine manufacturer of washing machine on premises of automobile manufacturer, finding of court that plaintiff was an independent contractor in the performance of such service *held*, warranted.

4. SAME—INDEPENDENT CONTRACTOR—ASSUMPTION OF RISK OF SAFETY OF PLACE FOR PERFORMANCE OF WORK.

> Ordinarily, an independent contractor is expected to determine for himself whether the place in which he chooses to work is safe or unsafe and he assumes the risk of entering upon a place to work which is unsafe.

5. SAME—SAFE PLACE TO WORK—PREMISES OF THIRD PARTY.

> Responsibility of employer to furnish employee a safe working place does not extend to premises of a third person, of which employer has neither possession nor control, to which employee is sent for performance of a service although the employee might have a cause of action against the owner of the premises upon which the injury may occur.

6. NEGLIGENCE—DEFINITION.

> Negligence is but a want of due care under all the circumstances.

7. SAME—BURDEN OF PROOF—PRESUMPTIONS—RES IPSA LOQUITUR—FIRES.

> Burden of proof of negligence upon plaintiff, a commercial photographer suing to recover for personal injuries sustained upon

premises of one defendant while taking pictures of machine owned and operated by such defendant which had purchased it from other defendant for whom plaintiff was taking pictures, *held*, not sustained in absence of proof showing how fire originated, since negligence is not to be presumed merely from the happening of the fire.

8. SAME—FIRES—PROXIMATE CAUSE—EVIDENCE.

In action by commercial photographer against defendant manufacturer which employed him to take pictures for advertising purposes of one of its products, operated and upon premises of a purchaser thereof, for injuries sustained by fire which might have occurred from any one of a number of causes but not shown to have originated from any of them, directed verdict for such defendant *held*, not error, since plaintiff failed to make proof of something more than conjecture.

9. SAME—FIRES—OWNER OF PREMISES—INDEPENDENT CONTRACTOR—LICENSEES.

Defendant owner of premises and machinery located thereon of which commercial photographer was sent to take pictures by vendor of machinery *held*, not liable to plaintiff for injuries sustained by fire since, so far as such defendant was concerned, plaintiff was an independent contractor and licensee and proof failed to show negligence upon part of defendant in operation of the machinery.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted January 5, 1937. (Docket No. 15, Calendar No. 36,781.) Decided March 1, 1937.

Case by Fred Holgate against Chrysler Corporation and Newcomb-David Company, corporations, for injuries sustained in fire caused by alleged negligence of defendants. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Gladys Stanley* (*N. Calvin Bigelow,* of counsel), for plaintiff.

*Bishop & Weaver,* for defendant Chrysler Corporation.

*Angell, Turner, Dyer & Meek (J. Thomas Dasef,* of counsel), for defendant Newcomb-David Company.

POTTER, J.  Plaintiff sued defendants to recover damages alleged to have been caused by injuries claimed to have been suffered by him by reason of the negligence of the defendants.  At the conclusion of the testimony of the plaintiff, and upon motion of each of the defendants made separately, the trial court directed a verdict for each of the defendants. A motion for new trial was made and denied, and plaintiff brings the case here by appeal in the nature of a writ of error.

In the consideration of the case, the court having directed a verdict in favor of each of the defendants, the testimony is to be considered most strongly in favor of the plaintiff, and if, from a consideration of that testimony and the reasonable inferences and deductions therefrom, a question of fact was presented for the consideration of the jury, the judgment of the trial court should be reversed; and, if not, should be affirmed.

Plaintiff states eight reasons why the judgment of the trial court should be reversed.  But these separate grounds enumerated by plaintiff all come to this, that the trial court erred in refusing to submit the case to the jury, and in granting defendants' several motions for a directed verdict.

The Chrysler Corporation is engaged in the manufacture of automobiles in the city of Detroit, and the Newcomb-David Company, Inc., a separate corporation, engaged in the manufacture of washing machines used for the purpose of washing parts of automobiles preparatory to painting them.  The Newcomb-David Company manufactured and installed

one of its washing machines in the Chrysler Corporation's plant and desired to have photographs of the machine, so installed by them, in the plant of the Chrysler Corporation.

The Newcomb-David Company made arrangements with plaintiff to take such photographs, and with the Chrysler Corporation to permit plaintiff to come upon the premises for the purpose of taking the pictures in question. While plaintiff was upon the premises and about to take a photograph of the machine in operation, a flash fire or explosion occurred and plaintiff was injured. It was to recover damages for injuries caused thereby that plaintiff brought suit.

Plaintiff's declaration alleges he was a commercial photographer hired by the defendant Newcomb-David Company to go to the factory of the defendant Chrysler Corporation and take certain photographic views of certain machinery manufactured by the defendant Newcomb-David Company and used and operated by the defendant Chrysler Corporation, said photographs to be used for advertising purposes by defendant Newcomb-David Company; that arrangements were made by the Newcomb-David Company with the Chrysler Corporation whereby plaintiff was to be admitted to its manufacturing plant for the purpose of taking these photographs; that it became and was the duty of the defendants jointly and severally to provide, or cause to be provided, a proper and safe place for plaintiff to work and make said photographs, and it was the duty of defendants not to expose plaintiff to any dangers or risks unknown to him; that defendants, regardless of their mentioned duties toward plaintiff, recklessly, carelessly, wilfully, unlawfully, improperly, negligently, grossly negligently, maliciously negligently, with actual mal-

ice, and with subsequent or discovered negligence, breached and violated all their hereinbefore mentioned duties toward plaintiff; that they failed to provide a safe place for plaintiff to work, and failed not to expose him to risks unknown to him, but, on the contrary, defendants were negligent in that they exposed plaintiff to dangers and risks of explosion by fire unknown to him, and that by reason of this negligence upon the part of the defendants, plaintiff was injured. The declaration negatives contributory negligence upon the part of plaintiff, claims permanent injuries and asks damages in the sum of $100,000. Subsequently, on motion of the plaintiff, this declaration was amended to describe more specifically the character of the fluid or washing compound used in the machine in question and to delineate with greater particularity plaintiff's injuries.

The case was closely tried. Plaintiff produced all of the testimony that was within his power to produce. The record is voluminous. An examination of the declaration filed by the plaintiff, prepared by able counsel, and an exhaustive examination of the witnesses failed to point out specifically the machine in question was improperly constructed. There is no proof either of the defendants in any way directed plaintiff as to how he was to take the pictures in question, where he was to stand, or what appliances he was to use.

The machine in question had been in production for a considerable period of time, and the cleaning fluid used in connection therewith was one commonly in use in industrial plants in the city of Detroit and elsewhere. No specific negligence of either defendant is alleged, or proved.

The Newcomb-David Company contends plaintiff was an independent contractor; that the contract was

one for the performance of a specified piece of work
for an agreed price; that it was up to plaintiff to
take the pictures, in the performance of this contract,
but that defendants assumed no control whatever
over the manner in which the pictures were to be
taken; that plaintiff was an experienced commercial
photographer, owned and furnished his own equip-
ment, took his own negatives, prepared his pictures
therefrom, and rendered a bill for his services when-
ever the pictures were completed and delivered; that
the salesman of the defendant Newcomb-David Com-
pany who accompanied plaintiff did no more than
arrange for plaintiff's access to the defendant Chrys-
ler Corporation's plant.

We think the court was warranted in finding plain-
tiff was an independent contractor, and not a serv-
ant or employee of the Newcomb-David Company, in
the performance of the services in which he was en-
gaged at the time the injury to him occurred. *Len-
derink* v. *Village of Rockford,* 135 Mich. 531; *Gall* v.
*Detroit Journal Co.,* 191 Mich. 405 (19 A. L. R.
1164); *Holbrook* v. *Olympia Hotel Co.,* 200 Mich.
597; *Zoltowski* v. *Ternes Coal & Lumber Co.,* 214
Mich. 231; *Holloway* v. *Nassar,* 276 Mich. 212.

Ordinarily, an independent contractor stands upon
a different basis than an employee and is expected to
determine for himself whether the place in which he
chooses to work is safe or unsafe, and such inde-
pendent contractor assumes the risk of entering upon
a place to work which is unsafe. 39 C. J. p. 1349;
*Ryland* v. *Harve M. Wheeler Lumber Co.,* 146 La.
787 (84 South. 55).

The machine in question, so far as the defendant
Newcomb-David Company is concerned, had been
completed. It had been turned over by such com-
pany to the Chrysler Corporation. It had been ac-

cepted by the Chrysler Corporation, and had been operated by the Chrysler Corporation for several months. The Newcomb-David Company had no control whatsoever of the machine in question. Its connection with the construction of the machine in question had ceased. This is not a suit of the Chrysler Corporation against the Newcomb-David Company for defective construction of the machine in question.

The general rule is that the responsibility of an employer in respect to a safe working place for his employee does not extend to the premises of a third person, of which the employer has neither possession nor control, to which the employee is sent for the performance of some act or duty. *Foster* v. *Conrad* (C. C. A.), 261 Fed. 603. In such cases, though an employee may have a cause of action against the owner of the premises, he has no cause of action against the party who furnished the machinery. 18 R. C. L. p. 585, § 90. The employer does not own, use or control the premises and is without power to make changes in their condition. An employer cannot be justly charged with negligence as to matters over which he has no control, negligence being but a want of due care under all the circumstances. *Wight* v. *H. G. Christman Co.*, 244 Mich. 208; *DeJager* v. *Andringa*, 241 Mich. 474; *Hemmila* v. *Cleveland Cliffs Iron Co.*, 184 Mich. 567; *Sonsmith* v. *Railroad Co.*, 173 Mich. 57.

The burden of proof was upon the plaintiff, and there is no proof to show how the fire originated. We cannot presume negligence merely from the happening of the fire. *Kerr* v. *City of Detroit*, 255 Mich. 446; *Benedict* v. *Rinna*, 257 Mich. 349; *Collar* v. *Maycroft*, 274 Mich. 376.

The most that can be said of the testimony is that it is subject to conjecture. There must be something

more than conjecture. There must be proof to establish a causal connection between the cause of the fire and the fire itself. This must be something more than a possibility. Where the proof shows, as in this case, that the fire may have occurred from any one of a number of causes, and when it is not shown to have originated from any of them, the plaintiff must be held to have failed to make the requisite proof. The court did not err in directing a verdict for the Newcomb-David Company.

The Chrysler Corporation was the owner of the machinery in question. It was being operated in its plant. It did not ask plaintiff to come there. The plaintiff came there at the request of the Newcomb-David Company for the purpose of taking pictures for the Newcomb-David Company. There is no proof defendant Newcomb-David Company was negligent in the installation of the machine in question, or that it was being negligently operated by the Chrysler Corporation. Plaintiff was an independent contractor so far as the Chrysler Corporation was concerned. He was not in the Chrysler plant even by invitation. He was there at the request of the Newcomb-David Company as an independent contractor to take pictures of a machine owned and operated by the Chrysler Corporation, built by the Newcomb-David Company which desired to use the pictures of the machine in operation for advertising purposes. So far as the Chrysler Corporation is concerned, no relation of employer and employee existed between the plaintiff and it. Plaintiff was an independent contractor employed by a third person for a specific purpose and, if anything, was there as a licensee and not as an employee of the defendant Chrysler Corporation.

After trial below and argument here, it is not clear· what specific negligence is relied upon—whether the negligence relied upon was of one defendant or both defendants—and if of one, which one.   There is no proof of negligent operation of the machine by the Chrysler Corporation.   There are suggested possibilities of the cause of the fire, but conjecture is too indefinite a foundation of legal liability.

The trial court arrived at a correct conclusion and its judgment is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, and CHANDLER, JJ., concurred.   BUSHNELL, J., did not sit.