PAVELA v. BALOGH.

1. LOST INSTRUMENTS—DEEDS—BURDEN OF PROOF.

One claiming title to property under an alleged unrecorded deed subsequently lost or destroyed has the burden of establishing execution of such deed.

2. QUIETING TITLE—CLOUD ON TITLE—EVIDENCE.

Warranty deed, solicited and procured from grantor by appellant-grantee and conveying property to himself and his former wife, after the grantor had previously given a warranty deed to the wife subsequent to her divorce from appellant, was, under evidence presented, properly found to have been a cloud upon title of parties holding under deed from wife and removed as such by trial court, where it appears appellant knew of previous unrecorded deed to wife, as appellant did not obtain his deed in good faith (3 Comp. Laws 1929, § 12767).

Appeal from Wayne; Ferguson (Homer), J. Submitted June 7, 1944. (Docket No. 20, Calendar No. 42,643.) Decided September 11, 1944.

Bill by Michael Pavela against Elsie Balogh and others to establish a lost or destroyed deed. Cross bill by defendants Otto Falklam and wife against plaintiff to quiet title to land. Decree for defendants and cross plaintiffs. Plaintiff appeals. Affirmed.

*Younglove & Chockley (Arthur J. Schuck,* of counsel), for plaintiff.

*Lester J. Gardhouse,* for defendants Falklam.

*Nicholas Salowich,* for defendants Kalman and Balogh.

WIEST, J. Plaintiff claims that a lost or destroyed unrecorded deed to himself and his wife, as tenants by the entirety, of certain premises in the city of Detroit, upon his wife subsequently obtaining a decree of divorce in the State of Texas without disposition of property rights thereunder, constituted him a tenant in common in ownership of the property under 3 Comp. Laws 1929, § 12767 (Stat. Ann. § 25.132). At the time of the Texas divorce the plaintiff's sister, Rose Szucs, was of record the sole owner of the premises here involved, and defendants Falklam claim title thereto by way of purchase under title of record.

By the bill filed by plaintiff he seeks adjudication establishing execution and delivery of the claimed deed to himself and wife, and that he be held thereunder an owner as tenant in common with defendants Falklam.

The burden was on plaintiff to establish execution of the claimed unrecorded deed. The trial court held the evidence failed to establish such claimed fact and dismissed the bill.

Defendants Falklam, March 4, 1941, by warranty deed, acquired the premises from Elsie Balogh. Defendant Mary Pavela acquired the premises by warranty deed from Rose Szucs, September 13, 1940, but did not record the deed until February 25, 1941. Before the deed was recorded Mary Pavela conveyed the premises to Elsie Balogh by quitclaim deed, dated September 13, 1940, and recorded October 9, 1940. January 23, 1941, before the deed from Szucs to Pavela was recorded, Rose Szucs, by warranty deed, conveyed the premises to "Michael Pavela, an unmarried man, and Mary Pavela, an unmarried woman." This deed was recorded January 29, 1941. That deed was executed at the demand of plaintiff who knew of the previous deed from Rose Szucs to defendant Pavela and evidently knowing it was not recorded solicited and obtained the deed last mentioned.

The circuit judge found that deed a cloud upon the title and by decree ordered its vacation. The record manifests the purpose of plaintiff in obtaining that deed. It was not obtained in good faith but simply as a trouble maker. The circuit judge was right in removing it as a cloud upon the title.

The record has been read with care, and we agree with the finding of the circuit judge and have no occasion to lumber this opinion with a recital of the testimony.

The decree of the circuit court is affirmed, with costs to defendants.

North, C. J., and Starr, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.