**AETNA CASUALTY & SURETY CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 80–10077.

United States District Court,
E. D. Michigan, N. D.

March 25, 1982.

Gary Goodman, Saginaw, Mich., for plaintiff.

Michael L. Hluchaniuk, Asst. U. S. Atty., Bay City, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff, Aetna Casualty and Surety Company, brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), as the subrogee of Jerome Building Company, lessor of a building leased to the United States Postal Service. Plaintiff alleges that prior to October 8, 1978, employees of the Postal Service negligently stored paint supplies near a heating unit in a storage room in the Post Office. Plaintiff further alleges that certain postal employees negligently discarded smoldering smoking materials in the storage room. Plaintiff contends that at least one of these two alleged instances of negligent conduct

caused a fire in the storage room on October 8, 1978. As the casualty insurer for Jerome Building Company, plaintiff allegedly paid $15,147.65 for damages to the building and now seeks to recover this amount from the United States Government.

The Court held a trial on March 9 and 10, 1982, during which it heard the testimony of eight witnesses and admitted exhibits # 1 through # 24 into evidence. Upon review of the entire record, the Court hereby sets forth its Findings of Fact and Conclusions of Law pursuant to FR Civ P 52(a).

## FINDINGS OF FACT

(1) On October 8, 1978, plaintiff, Aetna Casualty and Surety Company, was the insurer of a building owned by Jerome Building Company and located at 208 East Illinois Street, Mount Pleasant, Michigan.

(2) The building was leased to the United States Postal Service by Jerome Building Company for use as a Post Office.

(3) On October 8, 1978, there was a fire in the storage room of the Post Office Building causing damage thereto.

(4) Plaintiff paid $15,147.65 for repairs to the building and, consequently, became the subrogee of Jerome Building Company.

(5) The fire was investigated by the Mount Pleasant Fire Chief, the State Fire Marshall's Office, and employees of the United States Postal Service.

(6) Within the storage room, the fire originated in the general area of a canvas mail cart and/or work bench where the most extensive fire damage was concentrated.

(7) Due to the extensive fire damage, the exact point of origin and the cause of the fire could not be determined by the investigators.

(8) While substances emitting flammable vapors may have been stored in the storage room, they were at least nine feet from any operational heating units.

(9) The damage caused by the fire was limited to one area and not evenly distributed throughout the storage room as would be the case if the fire had been caused by flammable vapors.

(10) Allan Andres, a non-smoker, was the only postal employee to work at the Post Office on the day of the fire.

(11) While smoldering smoking materials may have been discarded in a waste basket which could then have been dumped into a trash bin in the storage room, the regular practice of the janitor was to empty the contents of ash trays into a bucket of water before disposing of them with the other trash.

## CONCLUSIONS OF LAW

(1) Plaintiff's claim is divided into the following specific allegations of negligence which plaintiff alleges in the alternative:

(a) The fire was caused by an employee of the Postal Service who negligently discarded cigarettes; and/or

(b) The fire was caused by employees of the Postal Service who negligently stored paint and related items too close to heating units.

(2) Plaintiff contends that except for one of the above, there can be no other reasonable explanation for the cause of the fire.

(3) The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1346(b). This section provides federal district courts with exclusive jurisdiction over claims against the United States for loss of property caused by the negligence of an employee of the government while acting within the scope of his employment, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

(4) Generally, state law governs actions under 28 U.S.C. § 1346(b). *Ramirez v. United States*, 567 F.2d 854 (CA 9, 1977).

(5) The government is liable to the plaintiff for the damages to the Post Office building if the plaintiff can show that the postal employees owed a duty to the plaintiff, that they breached that duty, and that

the breach was the proximate cause of the fire. *See Gadde v. Michigan Consolidated Gas Co.*, 377 Mich. 117, 139 N.W.2d 722 (1966); *Robert v. Lundy*, 301 Mich. 726, 4 N.W.2d 74 (1942).

 (6) Under Michigan law, the occupant of a building has a duty to maintain the premises in a reasonably safe condition. *Oppenheim v. Pitcairn*, 293 Mich. 475, 292 N.W. 374 (1940).

 (7) To prove its case by a preponderance of the evidence, as plaintiff is required to do under Michigan law, plaintiff must show a sufficient causal connection between the cause of the fire and the fire itself. The Court cannot presume negligence merely from the happening of the fire. *Hendricks v. McCausey*, 299 Mich. 161, 299 N.W. 848 (1941); *Holgate v. Chrysler Corp.*, 279 Mich. 24, 271 N.W. 539 (1937).

(8) There was little evidence, if any, adduced at trial to support either of plaintiff's theories of the probable cause of the fire. Furthermore, the evidence showed that other possible causes of the fire could not be eliminated. For example, Sergeant M. G. Hampton testified that he could not rule out arson or combustible materials contained in packages sent through the mail as possible causes of the fire.

 (9) In the present case, plaintiff, in effect, relies simply upon the occurrence of the fire to sustain its claim of negligence on the part of employees of the Postal Service. While negligence may be established by circumstantial evidence, the evidence must be sufficient to take the case out of the realm of speculation. *See Gadde v. Michigan Consolidated Gas Co.*, 377 Mich. 117, 139 N.W.2d 722 (1966); *Collar v. Maycraft*, 274 Mich. 376, 384, 264 N.W. 407 (1933).

 (10) Where the proof shows, as it does in the present case, that the fire may have originated from any one of a number of causes, and the plaintiff is unable to show that the fire originated from any one of them, the plaintiff will have failed to meet its burden of proof. *Holgate v. Chrysler Corp.*, 279 Mich. 24, 271 N.W. 539 (1937).

(11) It is the conclusion of this Court that plaintiff should not recover damages from the government. For the reasons stated, the Court shall enter judgment for the United States Government and against the plaintiff forthwith.

IT IS SO ORDERED.