STAR STEEL SUPPLY COMPANY v UNITED STATES FIDELITY & GUARANTY COMPANY

Docket Nos. 107774, 110118. Submitted January 8, 1990, at Detroit. Decided August 8, 1990.

Star Steel Supply Company, a seller and distributor of construction materials, was insured by United States Fidelity & Guaranty Company from 1938 to 1963 and by other insurance companies after 1963. It brought an action in the Wayne Circuit Court against USF&G, seeking a declaration that USF&G had a duty to defend it in four asbestos-related personal injury actions. After neither Star Steel nor USF&G could produce the actual USF&G policies or other evidence indicating the terms of these policies, the court, Robert J. Colombo, Jr., J., granted summary disposition in favor of USF&G. The plaintiff appealed.

The Court of Appeals *held:*

1. The burden of proving that the USF&G policies provided product liability coverage and the terms of the coverage was Star Steel's. The trial court did not err in granting summary disposition for USF&G after Star Steel failed to meet its burden.

2. The record does not support Star Steel's claim that USF&G had acted in bad faith in responding to requests for discovery. Discovery was not incomplete, but rather was futile.

Affirmed.

McDONALD, J., dissenting, stated that he would reverse and hold that summary disposition was improperly granted because a record could be developed which would leave open the issue, upon which reasonable minds could differ, regarding the terms of the USF&G insurance policies.

INSURANCE — EVIDENCE — TERMS OF POLICIES.

An insured who brings an action against an insurer has the burden of proving the terms of the insurance policy; where no evidence of the actual policy or its terms are offered, the insured cannot prevail.

REFERENCES

Am Jur 2d, Insurance §§ 1923, 1935, 1979.

See the Index to Annotations under Asbestos; Insurance and Insurance Companies; Products Liability.

*Abbott, Nicholson, Quilter, Esshaki & Young-blood, P.C.* (by *Gene J. Esshaki* and *Robert A. Kuhr*), for Star Steel Supply Company.

*Hibbs, Welch & MacAlpine, P.C.* (by *Timothy A. Bahorski*), for United States Fidelity & Guaranty Company.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for Home Insurance Company.

*Plunkett & Cooney, P.C.* (by *Robert G. Kame-nec*), for Continental Casualty Company.

Before: DOCTOROFF, P.J., and McDONALD and JANSEN, JJ.

PER CURIAM. In this consolidated appeal, plaintiff Star Steel Supply Company appeals as of right a Wayne Circuit Court order granting summary disposition pursuant to MCR 2.116(C)(10) to defendant United States Fidelity and Guaranty Company (Docket No. 107774), and third-party defendants Home Insurance Company and Continental Casualty Company appeal the dismissal of their counterclaim against third-party plaintiff United States Fidelity and Guaranty Company (Docket No. 110118). The trial court held that neither it nor any trier of fact could determine the kind and amount of insurance coverage provided by defendant to plaintiff between 1938 and 1962. We affirm.

On January 2, 1986, Star Steel filed its complaint against USF&G for declaratory relief. Star Steel alleged that since 1920 it had been continuously engaged in the sale and distribution of construction products and materials, some of which may have contained asbestos. Star Steel had been joined as a party defendant in four asbestos-re-

lated personal injury actions in the Wayne Circuit Court. Star Steel was insured by Home Insurance Company from 1973 to the present, by Continental Casualty from 1963 to 1973, and by USF&G from 1938 to 1963. Home Insurance and Continental Casualty assumed Star Steel's defense pursuant to their policies for each insurer's respective pro rata share of exposure, but USF&G had refused. Star Steel further alleged that it had been unable to locate copies of its policy with USF&G.

The evidence before the trial court was presented primarily through deposition testimony. Meyer Fishman, former president of Star Steel, was employed by Star Steel from 1929 to 1985. His brother, Benjamin, was an insurance broker and was responsible for obtaining the insurance for Star Steel. Star Steel had many insurance policies and most were with USF&G. Meyer stated that, when he left Star Steel, his brother's agency handled all the insurance for Star Steel. He was unsure of the dates and types of coverage that Star Steel had during his employment there.

Benjamin Fishman testified that he established the Fishman Agency in the 1930s. One of his clients was Star Steel, for whom he handled all insurance matters. USF&G was Star Steel's casualty insurance carrier from the time he started his company. Benjamin was an independent agent who used other insurance companies as well as USF&G. Benjamin wrote whatever coverage was needed. He never spared coverage in order to save a few dollars. Star Steel's liability policy had high limits of perhaps one to two million dollars. That was an estimate. Benjamin could not recall the wording of the policies or what types of endorsements were on the policies. Because Star Steel did not manufacture any products, it did not need product liability insurance. Benjamin could not

recall if he wrote product liability insurance for Star Steel.

Mitchell Fishman, Benjamin's son, has been employed with the Fishman Agency since 1948. Between 1948 and 1960, Mitchell sold various policies to Star Steel, including liability insurance underwritten by USF&G. The polices aggregated the premiums for all of Star Steel's insurance needs, i.e., workers' compensation, liability, and fleet insurance. Mitchell specifically remembered that Star Steel had product liability coverage with USF&G. Mitchell could not recall what the policy limits were, but, by affidavit, it appeared that the policy limits were at least $500,000 per year. Mitchell was not aware of any documentary evidence which would show the existence of a contractual relationship between the parties.

There was deposition testimony that product liability is an optional coverage on USF&G policies. Actual insurance policies are kept by USF&G for three years after a file is closed and then they are destroyed. The Detroit branch office keeps an index card file which contains the name of the insured, the policy dates, and the dates of any loss. The cards are kept six to twelve years. The Detroit office had no information regarding any of Star Steel's policies. The home office records management coordinator in Baltimore, Maryland, was unable to locate any liability policies issued to Star Steel. USF&G's superintendent of administrative service, responsible for maintaining records on accounting, underwriting, and personnel, testified that files are destroyed after a policy has expired.

Star Steel filed a motion for the production of documents specifically relating to USF&G's accounts payable and receivable records. A hearing was held on January 22, 1989, at which the trial court granted Star Steel's motion and gave USF&G seven

days in which to produce the documents or produce an affidavit with regard to why it was unable to produce the documents. In response, an affidavit from USF&G's assistant controller, Robert Hecht, was admitted, which stated that the records Star Steel sought no longer existed because they were destroyed after five years. The trial court noted that only after discovery had been closed did Star Steel bring to the court's attention that USF&G had not been complying with Star Steel's discovery requests. The trial court was satisfied that the records requested by Star Steel did not exist.

With regard to USF&G's motion for summary disposition, the trial court first noted that USF&G was relying on Star Steel's answers to interrogatories which indicated that Star Steel had no documentary evidence to establish the existence or the contents of insurance policies issued by USF&G to Star Steel. The trial court recapitulated the deposition testimony which was before it, additionally noting answers to interrogatories which indicated that payroll records of Star Steel showed there was workers' compensation insurance from USF&G.

The trial court held that the burden of proof was on Star Steel to establish that USF&G provided product liability coverage during the period of time at issue and also to establish the terms of the coverage. The court held that Star Steel had totally failed to establish the terms of the insurance coverage and that there was no way any court could determine the extent and scope of that coverage. Regarding Star Steel's suggestion that it could prove the insurance coverage by the standard form policy submitted for approval with the State of Michigan, the trial court noted that there was "approximately a three-quarter inch stack of standard forms that may have been used during the period in question."

With regard to the question of USF&G's alleged bad faith during discovery, the trial court held that there was no evidence on the record to suggest that a diligent search had not been made of USF&G's records and that it was totally unreasonable to expect USF&G to maintain its records of insurance coverage for all of its insureds dating back to 1932. The trial court also noted that Star Steel did not explain the "two separate and unrelated incidents involving accidental destruction of records of both Star Steel and Fishman Agency."

Star Steel first claims that the trial court erred in granting summary disposition to USF&G and that Star Steel sustained its burden of proving the terms of the contract. We disagree.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. *Id.* The nonmovant may not rest upon mere allegations or denials in the pleadings, but must, by documentary evidence, set forth specific facts showing that there is a genuine issue for trial. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988).

To establish an action on a policy of insurance, MCR 2.112(D) provides in pertinent part:

(1) In an action on a policy of insurance, it is sufficient to allege
(a) the execution, date, and amount of the policy,
(b) the premium paid or to be paid,
(c) the property or risk insured,
(d) the interest of the insured, and
(e) the loss.

In *Stewart v Ashley,* 34 Mich 183, 189 (1876),

the Court stated that "the burden of proof lies upon the party who seeks to support his case by a particular fact of which he is supposed to be cognizant." In *Michigan Aero Club v Shelley,* 283 Mich 401, 410-411; 278 NW 121 (1938), the Court stated:

> If plaintiff, due to lack of proof, does not make out his case, the court should so hold. *Lendberg v Brotherton Iron Mining Co,* 75 Mich 84 [42 NW 675 (1889)]. A mere claim cannot stand in the place of evidence and operate as proof. *Stewart v Ashley,* 34 Mich 183 [1876]. Things not made to appear must be taken as not existing. *Van Auken v Monroe,* 38 Mich 725 [1878]. Plaintiff's case must be established by the evidence. The court may not guess in default of evidence. *Marquette County v Ward,* 50 Mich 174 [15 NW 70 (1883)]; *Baird v Abbey,* 73 Mich 347 [41 NW 272 (1889)]; *Swift & Co v McMullen,* 169 Mich 1 [134 NW 1109 (1912)]. . . . Judgment cannot be based upon conjecture. *Holgate v Chrysler Corp,* 279 Mich 24 [271 NW 539 (1937)].

In this case, the trial judge stated, "I'm pretty convinced myself that there was a policy here from everything I've seen, and it was with USF&G, but what was the policy and what were the terms are the real issues." We conclude, on the basis of our review of the record, that Star Steel has failed to sustain its burden of proving the terms of the policy and that any judgment would be based upon pure conjecture.

Star Steel also claims that the trial court erred by failing to find that USF&G responded to discovery requests in bad faith. Star Steel relies on authority which states that summary disposition is premature where discovery on a disputed issue is incomplete.

Our review of the record leads us to conclude

that the trial court did not err. Star Steel appears to be confusing incomplete discovery with futile discovery. In this case, the trial court found, and we agree, that, on the basis of the record before it, USF&G had been diligent in its discovery records. The trial court relied on the deposition of USF&G's home office records management coordinator who testified that she was unable to find policies issued to Star Steel. The trial court also noted the receipt of the affidavit of USF&G's assistant controller, Robert Hecht, which stated that the record which Star Steel sought did not exist. We find no error on the basis of the record before us.

Affirmed.

McDONALD, J. *(dissenting)*. I disagree and would reverse. Giving the benefit of reasonable doubt to plaintiff Star Steel, I believe a record could be developed regarding the terms of the insurance policy which would leave open an issue upon which reasonable minds could differ. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988).

Plaintiff offered evidence that USF&G insured its company from 1932 to 1962, including product liability policies with limits of at least $500,000. Plaintiff further established continual payment of their premiums to USF&G during the relevant period as well as the filing by USF&G with the State of Michigan of a copy of standardized insurance policy dating to the relevant period. USF&G does not deny the existence of an insurance agreement between the parties, maintaining only that it cannot locate such a policy given the company practice of destroying such documents after the passage of a certain number of years. That the insurance policy cannot be located should not be determinative of the issue whether such a policy existed

and the terms thereof. The existence of a lost or destroyed written instrument may be established by other means. See *Pavela v Balogh,* 309 Mich 368; 15 NW2d 673 (1944); *Joba Construction Co, Inc v Burns & Roe, Inc,* 121 Mich App 615; 329 NW2d 760 (1982). The instant plaintiff should be afforded an opportunity to do just that at trial. I believe plaintiff's action was improperly dismissed by motion where the trial judge had to engage in fact finding to do so. *Paul v U S Mutual Financial Corp,* 150 Mich App 773; 389 NW2d 487 (1986).

Additionally, I would reinstate third-party defendants' claims against USF&G because the trial court based its dismissal of these claims on its improper dismissal of plaintiff's claims. Moreover, even assuming plaintiff fails to prove the exact terms of the policy, given the trial court's finding of the existence of an insuring agreement, third-party defendants would at least be entitled to reimbursement from USF&G for its share of defendant Star Steel's defense costs.