SMITH v LANSING SCHOOL DISTRICT ·

Docket Nos. 77752, 77753. Argued April 7, 1987 (Calendar No. 5).
Decided June 22, 1987.

Catherine G. Smith, and certain other nonunion bargaining unit
employees of the Lansing School District, filed an unfair labor
practice charge with the Employment Relations Commission
against the district and the Lansing Schools Education Associa-
tion, arising from the union's unilateral abrogation of a provi-
sion in the 1984-87 proposed contract with the district which
had exempted the employees from payment of agency shop fees.
During negotiations preceding the 1972-73 contract, a class of
teachers, including the complainants, was exempted from the
agency shop provision in exchange for forbearance from offer-
ing opposition to recognition of the union as the exclusive
bargaining representative of the district's teachers. The clause
providing the exemption was continued in each succeeding
agreement through 1983. A hearing referee ordered the com-
plainants to show cause in writing why their complaint should
not be dismissed for failure to state a claim upon which relief
could be granted and, upon complainants' failure to comply
with the order, recommended dismissal of the charge, addition-
ally finding that the complaint, on its face, failed to allege facts
which would constitute a violation of the public employment
relations act. The complainants filed an exception and an
amended complaint with the MERC, requesting remand to the
hearing referee. Thereafter, the MERC, treating all the com-
plainants' pleadings as responses to the referee's order and
accepting all alleged facts as true, dismissed the amended
complaint for failure to state a claim upon which relief could
be granted. The Court of Appeals, BRENNAN, P.J., and BEASLEY
and NOECKER, JJ., reversed in an opinion per curiam, holding
that the MERC is not empowered to summarily dispose of
complaints without granting an evidentiary hearing or permit-
ting oral argument, and remanded the case for further proceed-

REFERENCES
Am Jur 2d, Labor and Labor Relations §§ 1735-1753.
See the annotations in the Index to Annotations under Unfair
Labor Practices.

ings before the MERC (Docket No. 82897). The defendants appeal.

In a unanimous opinion by Chief Justice RILEY, the Supreme Court *held:*

The Michigan Employment Relations Commission has the procedural authority to dismiss an unfair labor practice charge for failure to state a claim, consistent with the public employment relations act, the Administrative Procedures Act, and its own administrative rules. Although an evidentiary hearing on issues of fact is unnecessary because all facts alleged by the charging party in such proceedings are to be taken as true, the parties must be afforded an opportunity to present oral arguments on issues of law and policy and in support of the legal and factual sufficiency of their claims.

1. The Employment Relations Commission is an agency of the Department of Labor, whose authority is derived from and governed primarily by the public employment relations act. Under the PERA, certain conduct is identified as unfair labor practice, and procedures are set forth for processing charges of unfair labor practice. Such proceedings are to be conducted pursuant to the procedural rules set forth in the Administrative Procedures Act for the processing of contested cases before administrative agencies, including promulgation of general rules and regulations.

2. Under § 72(3) of the APA, when all alleged facts are taken as true, there is no need for a full evidentiary hearing on issues of fact. An opportunity to present evidence on issues of fact need be afforded only where such issues exist.

3. MERC rules, read in conjunction with applicable provisions of the PERA and the APA, sufficiently authorize the MERC to dispose of an unfair labor practice charge or complaint for failure to state a claim. This function of the MERC necessarily includes discretion in the substantive resolution of such cases. The MERC's authority is in no way limited to the factfinding function; rather, it continuously extends to applying substantive law in the resolution of claims brought before it. The MERC, however, may not so dispose of such a claim without affording the parties an opportunity to present oral arguments opposing summary disposition. In this case, the complainants were not afforded an opportunity to present oral arguments opposing the summary disposition of their complaint, requiring remand to the MERC for a hearing on the merits.

Affirmed in part, reversed in part, and remanded.

149 Mich App 131; 385 NW2d 624 (1985) affirmed in part and reversed in part.

Labor Relations — Employment Relations Commission — Unfair
    Labor Practice — Dismissal — Evidentiary Hearing.
    The Employment Relations Commission has the procedural au-
        thority to dismiss an unfair labor practice charge for failure to
        state a claim; although an evidentiary hearing on issues of fact
        is unnecessary because all facts alleged by the charging party
        are to be taken as true, the parties must be afforded an
        opportunity to present oral arguments on issues of law and
        policy and in support of the legal and factual sufficiency of
        their claims (MCL 24.231-24.264, 24.271-24.287, 423.201 *et seq.;*
        MSA 3.560(131)-3.560(164), 3.560(171)-3.560(187), 17.455(1) *et
        seq.;* 1979 AC, R 423.401 *et seq.*).

*Franklin Richard Brussow* for the plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *Thomas A. Baird* and *Timothy P. Greeley*), for the defendants.

RILEY, C.J. This appeal concerns administrative procedure in the Michigan Employment Relations Commission. The issues presented are (1) whether the MERC is authorized under the public employment relations act,[1] the Michigan Administrative Procedures Act,[2] and its own duly promulgated administrative rules,[3] to summarily dispose of an unfair labor practice complaint on the ground that the charge fails to state a claim upon which, within the jurisdiction of the MERC, relief may be granted, and, if so, (2) whether it may do so without a hearing affording the parties an opportunity to (a) present oral arguments on issues of law and policy in opposition to summary disposition and, (b) present evidence on issues of fact.

We hold that the MERC has the procedural authority to dismiss an unfair labor practice charge for failure to state a claim, consistent with the PERA, the MAPA, and its own administrative rules.

[1] MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.*

[2] MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.*

[3] 1979 AC, R 423.401 *et seq.*

We hold, further, that, although an evidentiary hearing on issues of fact is unnecessary because all alleged facts of the charging party are to be taken as true, the parties must be afforded an opportunity to present oral arguments on issues of law and policy and in support of the legal and factual sufficiency of their claims.

In the present case, charging parties-appellees were not afforded an opportunity to present oral arguments opposing the summary disposition of the complaint issued against respondents-appellants. We therefore remand this case to the MERC for a hearing on the merits. The decision of the Court of Appeals is affirmed in part and reversed in part.

I

Appellees are nonunion bargaining unit members employed and represented respectively by appellants Lansing School District (LSD) and Lansing Schools Education Association (LSEA). In the original collective bargaining agreement negotiated and concluded between appellants for the 1972-73 school year, a class of teachers, including appellees, was exempted from the agency shop provision requiring all teachers to either join the LSEA or pay service fees equal in amount to union dues as a condition of their employment.[4] The "grandfather clause" exempting appellees from the agency shop requirement was continued in each successor agreement until the 1984-87 proposed contract in which the clause was deleted without notice to appellees or to the union membership.

On March 14, 1984, appellees filed an unfair

---

[4] The exemption applied to teachers who were recognized as part of the original bargaining unit in 1972, who were not members of the LSEA in 1972, and who had not voluntarily joined the LSEA since 1972.

labor practice charge with the MERC complaining that, approximately twelve years earlier, LSEA had represented that appellees would be exempted from the agency shop requirement in exchange for their nonopposition to LSEA's recognition as their exclusive bargaining representative, and that the union's unilateral abrogation of that exemption constituted, among other things, a breach of the duty of fair representation. On March 21, 1984, the MERC issued a complaint against appellants and notice of hearing to be held May 10, 1984. Appellants, on April 2, 1984, filed a motion, with accompanying brief, to dismiss for failure to state a claim upon which relief could be granted. On April 3, 1984, the hearing referee ordered appellees to show cause in writing why the charge and complaint should not be dismissed as requested. The previously scheduled hearing was adjourned without date, and appellees were given until April 24, 1984, to file a written response. Appellees, who up to then had appeared in propria persona, retained counsel who filed an appearance on April 12, 1984, and subsequently received at least a twenty-day extension for appellees' response. The twenty-day extension passed without the filing of a written response.

On June 8, 1984, the hearing referee, sua sponte, issued a decision recommending that the MERC dismiss the charge because appellees had failed to comply with the order to show cause, and because the charge, on its face, failed to allege facts which would constitute a violation of the PERA. Appellees, on June 11, 1984, filed an immediate exception to the decision and recommended order, and also filed with the MERC an amended complaint and proposed findings of fact and conclusions of law. In the exception, appellees alleged

that the hearing referee had granted an additional unspecified extension beyond the initial twenty days and had assured them that the case would be held in abeyance and that no hearing would be held until their brief was filed. The affidavit of the secretary who had arranged the second extension was attached by appellees.[5] They requested that the MERC remand the charge to the hearing referee for a determination on the merits in light of their amended complaint.[6] On July 9, 1984, appellants filed their response in opposition to appellees' exceptions to the recommended decision and order, and to appellees' proposed amended complaint.[7]

Approximately seven months later, on January 14, 1985, the MERC issued its decision. The MERC accepted appellees' amended complaint, but declined to remand the case to the hearing referee for a hearing. Instead, the MERC treated all of the pleadings as a response to the order to show cause, and, accepting all alleged facts as true, dismissed

[5] No documentation of the indefinite extension appears in the record. While appellants claim not to have received notice of the later extension, the affidavit remains uncontroverted.

[6] In addition to asserting further factual allegations in support of their original charge that the LSEA breached its duty of fair representation, appellees' amended complaint added a substantive theory for relief. Appellees asserted that compelling the payment of an agency fee to LSEA equivalent in amount to dues required of LSEA members, under threat of penalty of being fired, was violative of the First Amendment of the United States Constitution under *Ellis v Brotherhood of Railway Clerks*, 466 US 435; 104 S Ct 1883; 80 L Ed 2d 428 (1984). See *Chicago Teachers Union v Hudson*, 475 US 292; 106 S Ct 1066; 89 L Ed 2d 232 (1986); *Abood v Detroit Bd of Ed*, 431 US 209; 97 S Ct 1782; 52 L Ed 2d 261 (1977).

[7] Appellants argued that the MERC should not accept appellees' amended complaint. Appellants responded to the additional allegations and theories contained in the amended complaint, in alternative form, arguing that no claim upon which relief could be granted was stated. With regard to the federal constitutional issue implicated in appellees' amended complaint, appellants argued that *Abood, supra,* had resolved any questions concerning the validity of the public sector agency shop in appellants' favor.

the amended charge for failure to state a claim upon which relief could be granted.[8]

In the Court of Appeals the only issue presented was whether the MERC could decide a case by summary proceedings without a hearing. The Court held that the "MERC is not empowered to summarily dispose of complaints without granting an evidentiary hearing or permitting oral argument." 149 Mich App 131, 135; 385 NW2d 624 (1985). The Court therefore reversed the summary disposition of appellees' charge and remanded the case for further proceedings before the MERC.

## II

The MERC is an agency of the Department of Labor whose authority is derived from and governed primarily by the PERA, MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.* Section 16 of the PERA, which identifies certain types of conduct as unfair labor practices, sets forth the procedure for the processing of unfair labor practice charges. Section 16(a) provides in part:

> Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the commission, or any agent designated by the commission for such purposes, may issue and cause to be served upon the person a complaint stating the charges . . . and containing a notice of hearing . . . .

Section 16(a) also provides that "[a]ny proceeding

[8] The MERC held that the LSEA's actions, or inactions, were not "arbitrary, invidious or in bad faith" and, therefore, that no breach of the duty of fair representation could be shown. The MERC stated, further, that the agency shop provision in this case was lawful on its face under § 10 of the PERA, that the decision of the United States Supreme Court in *Ellis, supra,* was distinguishable, and that *Abood, supra,* had upheld the enforcement of the agency shop under the PERA.

[under that section] shall be conducted pursuant to chapter 4" of the MAPA, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Chapter 4 of the MAPA, MCL 24.271-24.287; MSA 3.560(171)-3.560(187), sets forth procedural rules for the processing of contested cases before administrative agencies, and, in accordance with the provisions of chapter 3, MCL 24.231-24.264; MSA 3.560(131)-3.560(164), agencies may process and publish specific procedural rules. The MERC has promulgated general rules and regulations, Administrative Code of 1979, R 423.401 *et seq.*

III

The Court of Appeals held that the MERC may not summarily dispose of an unfair labor practice charge on the ground that, accepting all alleged facts as true, no claim for relief within the jurisdiction of the MERC has been stated. In reaching that holding, the Court relied upon § 72(3) of the MAPA, which provides that the parties in a contested case must be "given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact." The Court reasoned, further, that § 78(2), which lists the methods through which disposition of complaints may be achieved, does not specifically provide for summary judgment. That section states:

> Except as otherwise provided by law, disposition may be made of a contested case by stipulation, agreed settlement, consent order, waiver, default or other method agreed upon by the parties.

The Court acknowledged the MERC's authority pursuant to chapter 3 of the MAPA and the administrative rules it has processed in accordance with

that authority. The Court was persuaded, however, that even if the MERC could promulgate a rule permitting summary disposition consistent with the MAPA, which affords a hearing as a matter of right, the MERC has not specifically done so.

The Court concluded, therefore, that a full hearing in which the parties are afforded an opportunity to present evidence on issues of fact, and an opportunity to present oral and written arguments on issues of law, must be conducted in all unfair labor practice cases before the MERC.

IV

Appellants argue that the Court of Appeals erred in its construction of § 72(3) of the MAPA and its limited interpretation of R 423.462(2) which sets forth the "[d]uties and powers of [the] administrative law judge . . . ." Appellants argue, specifically, that when all alleged facts are taken as true there is no need for an evidentiary hearing on issues of fact under § 72(3) of the MAPA. Appellants urge that an opportunity to present evidence on issues of fact is only required under § 72(3) when issues of fact are present. Appellants also contend that under R 423.462(2)(b) a hearing referee designated by the MERC is authorized to decide a motion for summary disposition on the ground that, accepting all alleged facts as true, no claim for relief within the jurisdiction of the MERC has been stated, and that the MERC may enter an order of dismissal on the basis of that decision. With regard to that portion of § 72(3) of the MAPA which requires affording the parties "an opportunity to present oral and written arguments on issues of law and policy," appellants argue that appellees were afforded an opportunity to present legal arguments in written form.

We agree with appellants that § 72(3) does not require a full evidentiary hearing when, for purposes of the proceeding in question, all alleged facts are taken as true. That is, we construe that portion of § 72(3) to require affording the opportunity to present evidence on issues of fact only when such issues exist. Thus, we reverse that part of the Court of Appeals decision which held that § 72(3) prohibits the MERC from deciding an unfair labor practice charge without conducting a full evidentiary hearing on issues of fact.

We are also inclined to agree with appellants that the MERC's own duly promulgated rules sufficiently authorize a designated hearing referee to recommend dismissal of a charge or complaint on the ground that the parties have failed to state a claim for relief. We are not persuaded by appellees' argument that a full evidentiary hearing is necessary in all cases to allow the discovery of potentially material facts. The MERC's general rules and regulations provide for a discovery procedure which, in this case, appellees apparently did not pursue. Appellees have not asserted that they were denied an opportunity to avail themselves of a reasonable discovery procedure, and we have no reason to infer otherwise.

We are persuaded that the general rules and regulations, and specifically parts five and six of those rules which concern the filing of unfair labor practice charges and the conducting of proceedings in such cases, read together with the applicable provisions of the PERA and the MAPA, sufficiently authorize the MERC to dispose of an unfair labor practice charge or complaint for failure to state a claim.[9]

We are cognizant that procedural due process,

---

[9] Part 5 of the MERC's duly promulgated regulations concerns the filing of unfair labor practice charges. R 423.453(2) states that "[a]fter

within the context of administrative procedure, militates against undefined discretion, favoring duly processed and well-defined procedure rules. In view of the discretionary authority delegated to the MERC in § 16 of the PERA, and to the MERC hearing referees in the general rules and regulations, it is apparent that the MERC's statutorily mandated function necessarily includes discretion in the substantive resolution of unfair labor practice cases. The MERC's authority is in no way limited to the factfinding function; rather, it continually extends to applying the substantive law in the resolution of claims brought before it. We are not persuaded that the Legislature's most probable intent was to require the MERC to conduct a full

---

a charge is filed, the commission or [a hearing referee] designated by the commission may serve upon each named respondent a complaint and notice of hearing . . . ." Part 6 concerns the conducting of hearings. R 423.465 requires the hearing referee in an unfair labor practice case to "prepare a proposed report setting forth findings of fact, conclusions of law and the reasons for his determination on all material issues, and a recommended order . . . [in which he] may recommend dismissal or sustain the complaint and attached charge, in whole or in part . . . ."

R 423.461(1) states that "[a] hearing for the purpose of taking evidence upon a . . . complaint . . . shall be conducted by the commission or [designated hearing referee]." R 423.461(4) provides that "[a]n objection to conduct of a hearing, including an objection to introduction of evidence, may be oral or written, and be accompanied by a short statement of the grounds for the objection . . . ." R 423.462, which sets forth the "[d]uties and powers of [the hearing referee,]" provides:

(1) [A hearing referee] . . . shall inquire fully into the facts involved in the proceeding before him.

(2) [A hearing referee] . . . has power to:

(a) Hold pre-trial conferences for settlement or clarification of the issues.

(b) Dispose of procedural requests, motions, or similar matters.

* * *

(f) Regulate the course of a hearing . . . .

* * *

(i) Take any other action necessary and authorized . . . .

evidentiary hearing in each claim brought before it, and, therefore, to prohibit the summary disposition of a case for failure to state a claim upon which relief may be granted, after accepting all alleged facts as true. For the same reasons that § 78(1) of the MAPA requests that the parties in a contested case stipulate to the facts involved in the controversy when practicable, the MERC's authority to decide an unfair labor practice claim by accepting all alleged facts as true facilitates its administrative function and does not impede the parties' right to be heard. Summary disposition for failure to state a claim is, of course, a final decision appealable by right pursuant to § 16(e) of the PERA.

We disagree with appellants, however, that the MERC may execute such a dismissal without affording the parties an opportunity to present oral arguments opposing summary disposition. Section 72(3) of the MAPA specifically provides that the "parties shall be given an opportunity to present *oral and written* arguments on issues of law and policy . . . ." In this case, it is clear that appellees were not afforded an opportunity to present oral arguments opposing appellants' motion to dismiss. We agree with the Court of Appeals that that denial warrants remand of this case to the MERC for further procedings. As noted by the Court of Appeals, administrative proceedings are generally less formal than judicial proceedings. Requiring that an opportunity be afforded to present oral arguments helps guard against the dismissal of meritorious claims on the basis of the technical insufficiency or inadequacy of the written pleadings, and facilitates the performance of the obligation to "inquire fully into the facts involved in the proceeding," R 423.462(1), before rendering a decision and recommended order.

Thus, the decision of the Court of Appeals is

reversed in part and affirmed in part, and this case is remanded to the MERC to afford appellees an opportunity to present oral arguments on the sufficiency of their claims against appellants.

LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred with RILEY, C.J.