AMERICAN COMMUNITY MUTUAL INSURANCE COMPANY v
COMMISSIONER OF INSURANCE

Docket No. 130911. Submitted July 14, 1992, at Lansing. Decided
·August 3, 1992, at 10:15 A.M.

American Community Mutual Insurance Company petitioned the
Ingham Circuit Court for judicial review of a decision of the
Commissioner of Insurance disapproving American Communi-
ty's proposed insurance application form. The form had been
disapproved by the Insurance Bureau because of a provision
that excluded an applicant from coverage if the applicant had
been denied insurance previously, an unfair trade practice in
violation of the Insurance Code. American Community re-
quested a contested case hearing. The Insurance Bureau filed a
motion for a summary decision. A hearing referee denied the
motion, finding that the case should proceed to a contested case
hearing. The Insurance Bureau appealed to the Commissioner
of Insurance, who declined to grant additional oral argument,
reversed the referee's decision, and found that a summary
decision should have been granted because the proposed form
was properly disapproved. The Ingham Circuit Court, Thomas
L. Brown, J., vacated the commissioner's order and remanded
for a complete evidentiary hearing pursuant to the rules for
contested case hearings. The commissioner appealed, and
American Community cross appealed.

The Court of Appeals *held:*

The commissioner correctly determined that it would be
proper to resolve the case under summary decision rules. The
order of the circuit court must be reversed and the decision of
the commissioner reinstated.

1. The provision in the insurance form excluding an appli-
cant from coverage if insurance had ever been denied is an
unfair trade practice in violation of MCL 500.2027(b); MSA

REFERENCES
Am Jur 2d, Administrative Law §§ 403, 419; Appeal and Error
§ 292; Insurance §§ 19, 22; Statutes §§ 207, 258-260, 265.
See the Index to Annotations under Administrative Law; Appeal
and Error; Hearings; Insurance and Insurance Companies; Stat-
utes.

24.12027(b). The form is not an accurate statement of an applicant's legal right not to be refused insurance solely because of a previous denial of insurance coverage. The commissioner's interpretation and application of MCL 500.2027(b); MSA 24.12027(b) was appropriate and effectuated the Legislature's intent in regulating the insurance industry.

2. American Community failed to establish that there was a genuine issue of material fact in this case in order to avoid a summary decision under the commissioner's rules.

3. MCL 24.272(3); MSA 3.560(172)(3), the section of the Administrative Procedures Act that states that parties in contested cases must be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact, was complied with adequately in this case. All the relevant facts necessary for a final decision were part of the record presented to the commissioner, making further evidentiary hearings and discovery unnecessary. Furthermore, the parties were provided with an opportunity for oral argument before the hearing referee with regard to the motion for summary decision, and the case was decided pursuant to the Insurance Bureau's rules for summary decisions. There were no violations of due process. The circuit court erred in vacating the commissioner's decision and remanding for a contested case hearing.

4. The Legislature intended the thirty-day limit in MCL 500.2236(4); MSA 24.12236(4) to mean that an insurer who intends to challenge a ruling of the commissioner has thirty days to request a hearing, not that the commissioner is required to hold the hearing within the thirty-day period. The initial hearing in this case was timely.

5. The commissioner properly denied the insurer oral argument during review of the hearing referee's decision. It is within the commissioner's discretion to grant oral argument at that stage of the proceedings.

Reversed.

1. Administrative Law — Contested Case Hearings.

The section of the Administrative Procedures Act providing that parties in contested cases must be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact does not entitle a party to an evidentiary hearing and complete discovery where material facts are not in dispute and further discovery would not aid in deciding the case (MCL 24.272[3]; MSA 3.560[172][3]).

2. STATUTES — JUDICIAL CONSTRUCTION.

>   The rule that when statutory language is clear and unambiguous, no further interpretation is required does not apply where, under a literal reading of the statute, a result that is absurd, unjust, and clearly inconsistent with the Legislature's intent would occur.

3. INSURANCE — APPEAL AND ERROR — INSURANCE COMMISSIONER'S RULINGS.

>   The statutory thirty-day limit given an insurer who intends to challenge a ruling of the Commissioner of Insurance means the insurer has thirty days from the date of the notice of the commissioner's ruling to request a hearing, not that the hearing must be held within thirty days of the notice of the ruling (MCL 500.2236[4]; MSA 24.12236[4]).

4. INSURANCE — ADMINISTRATIVE LAW — INSURANCE COMMISSIONER — ORAL ARGUMENT — HEARING REFEREES.

>   It is within the discretion of the Commissioner of Insurance to allow oral argument when reviewing a decision of a hearing referee (1983 AACS, R 500.2127[4], R 500.2132, R 500.2133; MCL 24.281[1]; MSA 3.560[181][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *William A. Chenoweth,* Assistant Attorneys General, for the Commissioner of Insurance.

*Miller, Canfield, Paddock & Stone* (by *Kevin J. Moody*), for American Community Mutual Insurance Company.

Before: SAWYER, P.J., and CONNOR and A. G. BEST, II,* JJ.

CONNOR, J. Respondent, the Commissioner of Insurance, appeals as of right from an Ingham Circuit Court order of July 2, 1990, remanding this matter for an evidentiary hearing and vacating the commissioner's order of December 11, 1989, disapproving petitioner's proposed insurance appli-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

cation form. Petitioner filed a cross appeal. We reverse the order of the circuit court and reinstate the decision of the Commissioner of Insurance.

I

All issues presented by the parties on appeal concern whether, on the facts of this case, petitioner's proposed insurance form violated the provisions of the Insurance Code, MCL 500.100 *et seq.*; MSA 24.1100 *et seq.*, prohibiting unfair trade practices. The Uniform Trade Practices Act, MCL 500.2001 *et seq.*; MSA 24.12001 *et seq.*, a part of the Insurance Code, has as its purpose the regulation of the insurance industry, MCL 500.2002; MSA 24.12002. In general, unfair trade practices, as defined in the Uniform Trade Practices Act, are prohibited. MCL 500.2003(1); MSA 24.12003(1).

Petitioner's proposed insurance form was rejected by the Insurance Bureau's staff because it represented an unfair trade practice in violation of MCL 500.2027; MSA 24.12027. That statute provides in pertinent part as follows:

Unfair methods of competition and unfair or deceptive acts or practices in the business of insurance include:

* * *

(b) Refusing to insure or refusing to continue to insure an individual or risk solely because the insured or applicant was previously denied insurance coverage by an insurer.

Petitioner's proposed application for short-term major medical health insurance, form 600 A (9/89), provided in part as follows:

QUESTIONS APPLY TO EACH PERSON PROPOSED FOR INSURANCE.

* * *

If Any of the Following Questions Are Answered YES, Such Person is Ineligible for This Policy.

\* \* \*

[3.] F. Have you ever been declined for life or health insurance? If yes, who: _____

\* \* \*

I have read this application and represent that the information shown on it is true and complete, to the best of my knowledge and belief. I understand and agree:

\* \* \*

3. Each person named in question 3A, B, C, D, E, or F is excluded from coverage under this policy.

In a letter ruling sent July 10, 1989, petitioner was notified that, on the basis of MCL 500.2027(b); MSA 24.12027(b), its form was disapproved. On August 9, 1989, petitioner requested a contested case hearing pursuant to MCL 500.2236(4); MSA 24.12236(4),[1] contending the disapproval of the form was improper. By a notice of hearing dated September 5, 1989, a contested case hearing was set for October 30, 1989, before a hearing referee.

On October 2, 1989, the Insurance Bureau's staff filed a motion for a summary decision pursuant to an administrative rule adopted with regard to hearing procedures, 1983 AACS, R 500.2111. Consequently, instead of conducting a contested case hearing on October 30, 1989, the hearing referee scheduled that date for arguments on the motion. Following arguments, the motion was denied. The hearing referee determined that this case should continue to proceed to a contested case hearing as petitioner requested.

The bureau's staff appealed that decision di-

---

[1] The statute was amended subsequently. All references to § 2236 in this case pertain to the statute in effect on July 10, 1989.

rectly to the Commissioner of Insurance, pursuant to 1983 AACS, R 500.2127(4), requesting the commissioner to both reverse the hearing referee's decision and stay the contested case proceedings. In his decision of December 11, 1989, the commissioner declined to grant additional oral argument on the bases that it was not required and that the parties had had ample opportunity to argue before the hearing referee. The commissioner reversed the hearing referee's decision and found that a summary decision should have been granted because petitioner's proposed form was properly disapproved by the Insurance Bureau's staff.

An appeal was filed in the Ingham Circuit Court, and the court vacated the commissioner's order of December 11, 1989, and remanded the case for a complete evidentiary hearing regarding petitioner's proposed form pursuant to the rules for contested case hearings.

II

On appeal to this Court, the commissioner's decision can be reversed only if that decision

> (a) violated the constitution or a statute; (b) exceeded the commissioner's authority or jurisdiction; (c) was made upon unlawful procedure resulting in material prejudice to a party; (d) was not supported by competent, material or substantial evidence; (e) was arbitrary, capricious, or an abuse of discretion; or (f) was affected by any other substantial or material error of law. MCL 24.306; MSA 3.560(206). [*Auto Club Ins Ass'n v Comm'r of Ins,* 144 Mich App 525, 531; 376 NW2d 150 (1985).]

This same standard of review applied to the circuit court's review of the commissioner's decision. *Id.*

III

The commissioner first argues on appeal that his decision should not have been reversed by the circuit court either on procedural grounds or on the merits. In its cross appeal, petitioner contends that it should have had its form approved by the circuit court as a matter of law.

The Legislature has granted the Commissioner of Insurance the power to approve insurance forms before they are used. MCL 500.2236; MSA 24.12236, in relevant part, confers this power onto the commissioner:

> (1) *No basic insurance policy form or annuity contract form shall be issued* or delivered to any person in this state, and no application form where a written application is required and is to be made a part of such policy or contract . . . shall be issued or delivered to any person in this state, *until* a copy of the form thereof is filed with the department of insurance and *approved by the commissioner as conforming with the requirements of this code and not inconsistent with the law.* Failure of the commissioner to act within 30 days after submittal shall constitute approval. . . .
>
> * * *
>
> (3) Upon written notice to the insurer, *the commissioner may disapprove,* withdraw approval or prohibit the issuance, advertising or delivery of *any form* to any person in this state *if it violates any provisions of this code, or contains inconsistent, ambiguous or misleading clauses, or contains exceptions and conditions that unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the policy.* The notice shall specify the objectionable provisions or conditions and state the reasons for the commissioner's decision. If the form is legally in use by the insurer in this state, the notice shall give the effective date of the commissioner's disapproval,

which shall not be less than 30 days subsequent to the mailing or delivery of such notice to the insurer. *If the form is not legally in use, then disapproval shall be effective forthwith.* [Emphasis added.]

This statute provides the standards to be used by the commissioner in disapproving insurance forms. *Underhill v Safeco Ins Co,* 407 Mich 175, 193-194; 284 NW2d 463 (1979). Form approval is required to protect the public from clauses that mislead, deceive, or unreasonably deny coverage. *Progressive Mutual Ins Co v Taylor,* 35 Mich App 633, 642; 193 NW2d 54 (1971). Using the rules of statutory construction, we also interpret insurance laws liberally for the benefit of policyholders, creditors, and the general public. *Allen v Michigan Property & Casualty Guaranty Ass'n,* 129 Mich App 271, 274; 341 NW2d 500 (1983). Consequently, MCL 500.2236; MSA 24.12236 should be interpreted in light of the purpose of protecting the general public from misleading or inaccurate insurance forms before they are put into use.

After reviewing the arguments of both sides as well as the previous tribunals' decisions, we are of the opinion that the commissioner reached a correct result on the merits. We also find, as discussed in section IV, *infra,* this case was properly resolved under summary decision rules.

The commissioner found that petitioner's form violated MCL 500.2027(b); MSA 24.12027(b) because of the provision that excluded an applicant from coverage under petitioner's policy for short-term health insurance if the applicant answered question 3F affirmatively, admitting the applicant had been previously denied insurance coverage. We believe this clearly was an unfair trade practice in violation of MCL 500.2027(b); MSA

24.12027(b), which prohibits an insurer from refusing to insure an individual solely because the individual previously has been denied insurance coverage.

Petitioner contended that its form did not violate MCL 500.2027(b); MSA 24.12027(b) because petitioner really did not do in practice what its form stated would occur, i.e., flatly deny insurance coverage to anyone who had previously been denied insurance without regard to the validity of that denial. In reality, petitioner would merely require an applicant who answered question 3F affirmatively to complete a more detailed form and go through an underwriting process to determine the risk that individual posed for purposes of health insurance coverage. An applicant who could not qualify for petitioner's short-term health insurance policy but subsequently was determined to be an acceptable risk would be offered comparable coverage.[2] On the basis of this argument, petitioner has maintained that there were questions of fact involved in this case that precluded a summary decision.

While we agree with petitioner that there certainly are questions of fact concerning its actual procedures, we believe those procedures are both irrelevant and immaterial to the determination whether its application form should be approved. The Insurance Bureau's administrative rule, 1983 AACS, R 500.2111(c), requires that a summary decision be granted if there is no genuine issue regarding any *material* fact. What petitioner and its agents or employees may do in practice has no bearing upon whether its insurance application

---

[2] However, even when it is ultimately determined that the reasons for the prior denial were frivolous or no longer applicable, the "comparable coverage" subsequently offered the applicant would require a higher rate to cover the costs incurred as a result of the additional underwriting and investigation.

form contravenes the law. The commissioner would be derelict in his duties if he approved an insurance form that could be utilized to promulgate unfair trade practices merely because the insurer had not yet utilized the form for the improper purpose. In this case, the form on its face flatly and unambiguously states that an applicant cannot obtain short-term health insurance from petitioner if previously denied health or life insurance, without regard to the reason for the previous denial. We are satisfied that this form could be utilized to deceive or mislead consumers who apply for insurance. The policy behind prior form approval is to avoid such a possibility. No actual violations need be established, it is sufficient that the form is not an accurate statement of an applicant's legal right not to be refused insurance solely because he was previously denied insurance coverage. We believe the commissioner's interpretation and application of MCL 500.2027(b); MSA 24.12027(b) was appropriate and effectuated the Legislature's intent in regulating the insurance industry. See, e.g., *Michigan Life Ins Co v Comm'r of Ins,* 120 Mich App 552, 558-559; 328 NW2d 82 (1982).

## IV

As alluded to in section III, *supra,* we believe that, as a procedural question, this case was properly resolved by summary decision.

Among the powers granted to the commissioner by the Legislature is the authority to adopt rules and regulations as the commissioner may deem necessary to effectuate the purposes of the insurance laws of this state. MCL 500.210; MSA 24.1210. Such rules and regulations must be promulgated as provided by the Administrative Proce-

dures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* MCL 500.210; MSA 24.1210.

The rules the commissioner has previously promulgated are contained in 1979 AC, R 500.401 *et seq.* More recently, the commissioner has adopted rules for summary decisions in administrative hearings before the Insurance Bureau, 1983 AACS, R 500.2111:

> Rule 11. A party may move for a summary decision in the party's favor upon any 1 of the following grounds:
>
> * * *
>
> (c) There is no genuine issue as to any material fact and the moving party is therefore entitled to a decision in that party's favor as a matter of law.

This rule is to be interpreted to secure a just, speedy, efficient, and fair determination of the issues, but consistent with the parties' rights and due process. 1983 AACS, R 500.2102.

Rule 11 was apparently modeled after the general court rule regarding summary disposition, MCR 2.116. Consequently, we believe prior interpretations and applications of the general court rules can be referred to for guidance in deciding if this case and others are ripe for summary decision under Rule 11.

In order to be entitled to summary disposition, the moving party must establish that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 730; 476 NW2d 506 (1991). The nonmoving party must produce an affidavit or other documentary evidence to establish there is a genuine issue of material fact. *Star Steel Supply Co v United States Fidelity & Guaranty Co,* 186 Mich App 475, 480; 465 NW2d 17

(1990); MCR 2.116(G)(4). As we discussed in section III, *supra,* petitioner failed to establish that there was a genuine issue of material fact in this case in order to avoid summary decision under Rule 11. The commissioner found, as a matter of law, that petitioner's insurance form was an unfair trade practice that violated the Insurance Code. The affidavit produced by petitioner regarding its procedures failed to allege any genuine issue of material fact that related to petitioner's form, even after construing this evidence in a light most favorable to petitioner. *Lepp, supra,* p 730.

Petitioner also argues that under MCL 24.272(3); MSA 3.560(172)(3) it was entitled to both an evidentiary hearing and discovery despite the rules for summary decision. That subsection provides:

> The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

Petitioner would have us interpret this subsection to mean that an evidentiary hearing and complete discovery are not only available but mandatory in every case.

If we were to adopt petitioner's interpretation, the summary decision procedural rules would be rendered meaningless because the point of a summary decision is to avoid extensive discovery and an evidentiary hearing when a case can be quickly resolved on issues of law. In *Smith v Lansing School Dist,* 428 Mich 248, 257-259; 406 NW2d 825 (1987), the Supreme Court held that summary disposition rules were appropriate in administrative proceedings and that MCL 24.272(3); MSA 3.560(172)(3) did not mandate an evidentiary hearing when the material facts were not at issue. Moreover, the Court found that an evidentiary

hearing was also not required as a discovery procedure.[3] We believe that MCL 24.272(3); MSA 3.560(172)(3) was adequately complied with in this case because all the relevant facts necessary for a final decision were already part of the record presented to the commissioner, and the commissioner had only to formulate his legal interpretation of the statutory language and apply it to the petitioner's proposed insurance form. The language in the form could not be disputed, and other allegations of disputed facts were superfluous.

A summary decision motion under Rule 11(c) is a legal question that can be defeated by establishing there is a genuine issue of material fact. However, if the nonmoving party cannot raise a material issue of fact, an evidentiary hearing is pointless. Similarly, it would be futile to require that discovery be completed before a final decision can be made if discovery could not aid in deciding the case. While summary disposition decisions should ordinarily not be made before discovery has been completed when there is a dispute regarding material facts,[4] in this case the only possible reason petitioner proffered for conducting discovery was to investigate the commissioner's past procedures and decisions related to the enforcement of MCL 500.2027(b); MSA 24.12027(b). The issue in this case involved whether petitioner's form conformed to the requirements of the applicable statute. We fail to see how discovering the agency's prior policies would have affected the commission-

---

[3] The Supreme Court reversed in part in *Smith, supra,* p 259, because oral argument was not held with regard to the motion to dismiss and MCL 24.272(3); MSA 3.560(172)(3) gives parties the right to argue both orally and in writing on issues of law and policy.

[4] See *Kassab v Michigan Basic Property Ins Ass'n,* 185 Mich App 206, 216; 460 NW2d 300 (1990), lv gtd 439 Mich 864 (1991) (summary disposition is premature if it is granted before discovery on a disputed issue is completed; however, this rule does not extend to cases where further discovery does not stand a fair chance of uncovering factual support for the opposing side's position).

er's ruling because the law is clear, adequately sets forth the commissioner's authority, and provided petitioner with notice of the proscribed conduct. See *Michigan Life, supra,* p 563; *American Way Service Corp v Comm'r of Ins,* 113 Mich App 423, 436-437; 317 NW2d 870 (1982). Consequently, we do not believe the agency's past enforcement of this law would inject any material issues of fact into this case.

We believe the parties were afforded due process protection, because they were provided with the opportunity for oral argument before the hearing referee with regard to the motion for summary decision and this case was decided pursuant to the agency's rules for summary decisions.

We therefore find the circuit court erred in vacating the commissioner's decision and remanding this case back for a contested case hearing. Petitioner's cross appeal also must fail for these reasons.

v

The commissioner raises a procedural issue on appeal pertaining to petitioner's claim in the circuit court that his decision must be vacated because the petitioner was not afforded a timely hearing as provided by statute.

MCL 500.2236; MSA 24.12236 sets forth the time for a hearing involving disapproval of a proposed form. Initially, the commissioner must make a decision within thirty days after a form is submitted for approval. MCL 500.2236(1); MSA 24.12236(1). For a form that was not previously approved and is not in legal use, a disapproval becomes effective immediately upon notice to the insurer of the commissioner's decision. MCL 500.2236(3); MSA 24.12236(3). If dissatisfied with

the commissioner's decision, subsection 4 of MCL 500.2236; MSA 24.12236 allows an insurer to request a hearing:

> Whenever a form is disapproved, or approval is withdrawn under the provisions of this code, *the insurer shall be entitled upon demand to a hearing before the commissioner or a deputy commissioner within 30 days of notice of disapproval* or of withdrawal of approval; and after the hearing, the commissioner shall make findings of fact and law, and either affirm, modify or withdraw his original order or decision. [Emphasis added.]

Petitioner argued below that, under this section, the thirty-day period begins to run from the date of the notice of disapproval, and that the commissioner is required to hold the hearing within this thirty-day period.

Generally, legislative intent controls statutory construction and it is presumed that intent is expressed in the language chosen. *Gobler v Auto-Owners Ins Co,* 428 Mich 51, 62; 404 NW2d 199 (1987). When the language used is clear and unambiguous, no further interpretation is required. *Id.* However, an exception to this rule exists if, under a literal reading of a statute, a result would occur that was absurd, unjust, and clearly inconsistent with the Legislature's purpose behind the statute. *Id.*

In this case, the date of the notice of disapproval was July 10, 1989. Petitioner's request for a hearing was not made until August 9, 1989, which was the thirtieth day after the notice of disapproval. Under petitioner's interpretation of the thirty-day provision, petitioner was entitled to a contested case hearing on the same day it made the request. This reading of the statute would render an absurd and unjust result and is clearly not what the

Legislature intended. Allowing an insurer the right to a hearing on the same day a hearing is requested would be inconsistent with due process. See *Westland Convalescent Center v Blue Cross & Blue Shield of Michigan,* 414 Mich 247, 268; 324 NW2d 851 (1982) (due process requires notice, an opportunity to be heard as well as to present evidence if necessary, and the chance to respond before final action is taken) (Opinion of FITZGERALD, J.).

We believe the Legislature intended the thirty-day time limit in MCL 500.2236(4); MSA 24.12236(4) to mean only that an insurer who intends to challenge the commissioner's ruling has thirty days to request a hearing. Otherwise, there would be no time limit on when an insurer could request a hearing. This interpretation avoids absurd results and is consistent with other time limits set forth in the statute, for instance, that the commissioner must respond to a request for form approval in thirty days, MCL 500.2236(1); MSA 24.12236(1).

We also believe this interpretation of the statute is consistent with the administrative procedure rules the commissioner has adopted with regard to hearing procedures, 1983 AACS, R 500.2101 *et seq.* Under those rules, an insurer must submit a written petition for a contested case, and within thirty days after receipt of the petition, a hearing must be noticed by the commissioner, or other action taken. See 1983 AACS, R 500.2103, R 500.2104. A contested case is commenced by the issuance of a notice of hearing by the commissioner. 1983 AACS, R 500.2105. Given these procedures adopted by the commissioner, we believe our interpretation of MCL 500.2236(4); MSA 24.12236(4) is in accordance with the commissioner's policy regarding hearing procedures in general. See *Auto Club Ins*

*Ass'n v Comm'r of Ins, supra,* pp 530-531. Consequently, the initial hearing in this case was timely.

## VI

The Commissioner of Insurance also contends that he properly denied petitioner oral argument upon review of the hearing referee's decision. The commissioner reasoned that, because petitioner already had been afforded the opportunity to argue before the hearing referee, MCL 24.272(3); MSA 3.560(172)(3) was adequately complied with, and any additional argument before the commissioner was at his discretion. We agree that additional argument was unnecessary, because the issues before the commissioner were legal questions, for which extensive briefs were filed, and the commissioner had the record from the previous arguments.

Under § 72(3) of the Administrative Procedures Act, MCL 24.272(3); MSA 3.560(172)(3), parties are entitled to present oral and written arguments on issues of law and policy during the contested case hearing phase. See *Smith v Lansing School Dist, supra,* p 259. The parties were afforded the right to argue the legal issues presented by the staff's motion for summary decision before the hearing referee on October 30, 1989.

Petitioner has failed to cite to this Court any authority that grants it the right to oral argument before the commissioner during review of a hearing referee's decision. We believe the relevant authority under both the Administrative Procedures Act and the administrative rules adopted by the commissioner make oral argument at this stage discretionary with the commissioner. MCL 24.281(1); MSA 3.560(181)(1); 1983 AACS, R

500.2127(4), R 500.2132, R 500.2133. Consequently, we decline to affirm the circuit court's decision regarding procedural defects because the commissioner appropriately denied oral argument.

Reversed. The Commissioner of Insurance's decision of December 11, 1989, is reinstated.